[No. 4106.]
## A. HIMMELMANN v. M. C. BATEMAN.

LIEN FOR STREET IMPROVEMENT IN SAN FRANCISCO. — A lien for the im-
provement of a street in San Francisco cannot be enforced unless the
assessment and diagram as recorded contain a sufficient description of
the lot to enable the court to enforce a lien on it.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

The Board of Supervisors of San Francisco resolved to
grade Jackson street from Franklin street to Octavia street.
Franklin and Octavia streets cross Jackson street at right
angles, and Gough street also crosses Jackson at right
angles between Franklin and Octavia.  The contract was
let and the work performed.  The plaintiff was the assignee
of the contract, and commenced this action to enforce a lien
on the lot described as commencing at the northwesterly
corner of Jackson and Gough streets, running thence north-
erly along the westerly line of Gough street, $127\frac{8\frac{1}{2}}{12}$ feet;

thence at right angles westerly, $137\frac{6}{12}$ feet; thence at right angles southerly, $127\frac{8\frac{3}{4}}{12}$ feet; and thence at right angles easterly, $137\frac{6}{12}$ feet, to the point of commencement, said lot of land being known and designated by the letter D on the diagram.

At the trial, on the 16th day of July, 1873, the plaintiff offered in evidence the assessment, diagram, warrant, affidavit of return and certificate of recording the same.

The following is the original diagram:

The figures on this diagram represent feet and fractions of feet, and the letters represent the lots.

The plaintiff then offered in evidence the record of the foregoing assessment, diagram, warrant, and return. The assessment, warrant and return were correctly recorded.

The following is the record of the diagram:

It will be observed that the record of the diagram is incorrect so far as the lot is concerned on which the lien was sought to be enforced, inasmuch as it does not give its

depth on Gough street, to wit, "127.8¼," or on the other lots.

The plaintiff then rested, and the defendant moved for a nonsuit because the evidence, to wit, the record of the diagram, contained no description of the lot on which the lien was sought to be enforced.

The court granted the motion, and the plaintiff appealed from the judgment and from an order denying a new trial.

*Parker & Roche*, for the Appellant.

We submit that the case of *Dorland* v. *McGlynn* (47 Cal. 47), controls this case. There is no necessity for showing the depth of the side lines. It will be seen that the depth of the side lines is given at 127.8¼ feet on the diagram, and that when the diagram was recorded those figures were, by mistake, omitted by the recording clerk.

Now, it is said, that because of such omissions, no lien was created.

We say that all that the law required the superintendent to show by the diagram, in order to describe the lots, was shown by the record, and that the omission to add the figures showing the depth did not render the recording invalid. Those figures in the original diagram were surplusage, and were not necessary to make a valid description of the lots. The diagram was sufficient without those figures. Section 10, Stat. 1862, p. 397, provides " that warrant, assessment aad diagram shall be recorded. When so recorded, the several amounts assessed shall be a lien," etc. We claim that there was a sufficient record made and a lien created, notwithstanding the figures showing depth of side lines were not copied into the record. Not being required to describe the lots, it was not necessary to record the omitted figures in order to create the lien.

*Jarboe & Harrison*, for the Respondent.

The statute (Stat. 1862, p. 397, Sec. 10), provides that after the superintendent has made an assessment, diagram and warrant, " said warrant, assessment and diagram shall be recorded. When so recorded, the several amounts

assessed shall be a lien upon the lands, lots or portions of lots assessed respectively for the period of two years from the date of said recording."

It is not the assessment itself which constitutes a lien, but the lien is created by the recording of "said assessment, warrant and diagram." All must be recorded before any lien exists, and the record must be of "said" assessment, etc., made by the superintendent. Then, and not till then, is there a lien, and that lien is "upon the lots assessed."

By the Court, McKINSTRY, J.:

The tenth section of the statute (Laws of 1862, p. 397), requires that the warrant, assessment and diagram shall be recorded, and provides: "When so recorded, the several amounts assessed shall be a lien upon the lands, lots," etc.

The assessment and diagram, as recorded, contain no sufficient description of the lot to enforce the lien upon which this action is brought.

Judgment and order affirmed.