Statement of Facts.

[No. 5736.]

# W. H. NORTON v. M. P. M. COURTNEY ET AL.

STREET ASSESSMENT—INSUFFICIENT DESCRIPTION.—Under the San Francisco street assessment law, the assessment and diagram, *as recorded*, must show in what direction the streets run.—[REPORTER.]

APPEAL from the District Court of the Fourth Judicial District, San Francisco.

The action was brought to enforce a street assessment lien for grading Broadway Street, from Franklin to Gough. The original assessment contained the following diagram:

GOUGH STREET.

| 137 6-12 | 137 6-12 | | | 137 6-12 | 137 6-12 |
| 6 | | BROADWAY STREET. | | | 1 |
| 5 | 137 6-12 | | 137 6-12 | | 2 |
| 4 | 137 6-12 | | 137 6-12 | | 3 |
| 137 6-12 | | | | | 163 6-12 |

FRANKLIN STREET.

 N.

As recorded, the diagram omitted the arrow showing the direction of Franklin Street. In all other respects it was the same. Judgment was rendered for the plaintiff, and the defendants appealed.

*Haight & Taylor*, for Appellants.

As the lots are described in the diagram, the direction of the streets is shown by an arrow, which points to the north, while this direction is nowhere shown in the diagram as recorded.   It hence results that the lots in question are not properly described, and that the diagram attached to the assessment has never been recorded—one essential part of it having been omitted.   In *Himmelman* v. *Bateman*, 50 Cal. 12, 13, the Court held that the description in the diagram, as recorded, was fatally defective, in that the depth of the lots was not shown by appropriate figures; and although it is manifest that a pair of dividers applied to the depth lines would have yielded a perfect description, yet the Court, in consonance with all the authorities, compelled the record to speak out of its own mouth, and out of its own mouth to be condemned.   (See, also, *Keane* v. *Cannovan*, 21 Cal. 301, 302.)   Of course there can be no description made out by distances alone—without the courses are shown, no description can possibly be made out.   Here we have distances, but no courses.   There is nothing whatever on the face of the diagram, as recorded, to show in what direction any one of the lines runs.   This must be fatal, for the authorities are conclusive that a record cannot be helped out in any way.   It must stand or fall of itself.   (*People* v. *S. F. Savings Union*, 31 Cal. 132; *Keane* v. *Cannovan*, 21 Cal. 301; *Thatcher* v. *Powell*, 6 Wheat. 119.)

*F. F. Taylor* and *Cowdery & Preston*, for Respondent.

In *Himmelman* v. *Bateman*, 50 Cal. 11, the depth of the lot was omitted from the record of the diagram.   That is not this case.   The other cases cited do not touch this question at all.   The work was "from Franklin to Gough."   Any surveyor could locate these lots.   Any person in the city could do so.   There can be no mistake as to what land was intended to be assessed.   The statute only requires that the diagram shall show the relative location of the lot to the work done; and certainly the description must be sufficient if it enables the owner

from an inspection to determine whether his land was assessed or not, and if so, for what sum. (Blackwell on Tax Titles, p. 126.)

By the COURT:

The assessment and diagram, as recorded, contain no sufficient description of the premises—there being a material variance between the diagram as recorded and that attached to the original assessment.

Order reversed and cause remanded for a new trial. Remittitur forthwith.