[No. 6,313.]

# WHITING v. QUACKENBUSH ET AL.

STREET ASSESSMENTS—VENUE.—Laying the venue in the caption of a street assessment, by inserting the words "State of California, City and County of San Francisco, ss.," is sufficient to show that the property sought to be charged is within the jurisdiction of the Superintendent of Streets of that city and county.

ID.—DESCRIPTION—DIAGRAM—POINTS OF COMPASS.—The description in an assessment for a street improvement, may be made by a diagram; and on such diagram, the point of a scroll is as competent as the barb of an arrow to denote north. Accordingly, where the diagram in such an assessment exhibited the streets on which the work had been done, the lot itself as designated by its number, the number of its feet front on the street, and the depths of its side lines, and also a scroll designating the direction of the street: *Held*, that the description was sufficient.

ID.—TAX—DEFINITION—CONSTITUTIONAL LAW.—An assessment for improving a street in a city is a tax, and therefore must be levied with equality and uniformity. But if it be so levied under a system which apportions it with reference to the number of feet fronting on the improvement, or by any other standard which will approximate equality and uniformity, it is not void.

ID.—ID.—JUDICIAL NOTICE.—The courts will take judicial notice of the streets of San Francisco as designated on the official plan or map of the city.

APPEAL from a judgment for the plaintiff, in the Third District Court, City and County of San Francisco. THORNTON. J.

The caption of the assessment in question in this case, is as follows:

"STATE OF CALIFORNIA,      ⎱
City and County of San Francisco, ⎰ ss.

"Assessment made and issued this 13th day of April, 1875, for planking Polk Street from Tyler to McAllister Street, and for reconstructing the side-walks thereon, as per contract with E. Whiting," etc.

Then follows the assessment, the lots being described by reference to the diagram attached; of which the following is a copy:

EXPLANATION.—The small figures on this diagram represent feet and fractions of feet, and the larger figures in the center of each subdivision, the numbers of the lots.

The other facts are stated in the opinion.

*Robert Y. Hayne,* for Appellants.

I.   The jurisdiction of the Superintendent does not extend
beyond San Francisco ; and it is essential that the record made
by him, and under which a lien is claimed, should show that the
property which he seeks to charge is within his jurisdiction.
( *Crepps* v. *Durden,* 1 Smith's L. C. 7th Am. ed. 1096 *et seq.*
notes ; *Townsend* v. *Gordon,* 19 Cal. 207 ; *State* v. *Jersey City,*
26 N. J. L. [2 Dutch.] 450.)   The assessment does not contain
anything to show that the property sought to be charged is sit-
uated in San Francisco.   The ordinary affidavit caption at the
head of the assessment—" State of California, City and County
of San Francisco "—only signifies the place where the assess-
ment is written, or the affidavit sworn to, and has no relation to
its contents.   The Court cannot take judicial notice of the local-
ity of the streets named in the assessment.   ( *Himmelman* v.
*Cahn,* 49 Cal. 285 ; *Himmelman* v. *Bateman,* 50 Id. 11 ; *Nor-
ton* v. *McCourtney,* 53 Id. 591.)

II.   The assessment contains no description of the property.
The diagram is not sufficient, for two reasons : 1st. It does
not show the points of the compass.   ( *Himmelman* v. *Cahn,* 49
Cal. 285.)   The scroll does not amount to an arrow, and it has
not the letters N. and S.   In the absence of these letters, the
Court cannot say with certainty that the hieroglyph designates
north and south.   It is not sufficient to indicate this by enig-
matical signs, known only to particular occupations.   ( *Keene* v.
*Canovan,* 21 Cal. 302 ; *People* v. *San Francisco Savings Union,*
31 Id. 136.)   2nd. The diagram does not show the dimensions
of the lot.   The length of two sides are given, but we are left
to guess at the other two.   It cannot be assumed that the lot is
a parallelogram.

III.   A street assessment is a tax, and is required to be equal
and uniform.   ( *People* v. *Lynch,* 51 Cal. 15.)   The system of
apportionment in the act in question does not produce equality
and uniformity, and therefore the act is unconstitutional.   Lots

differ in depth, and an assessment per front foot is therefore neither equal nor uniform.

*C. H. Parker*, for Respondent.

The Judges of the District Court have invariably held diagrams like the present sufficient. In the case of *Himmelman* v. *Cahn*, 49 Cal. 285, the points of the compass were not indicated on the diagram.

Department No. 1, McKEE, J.:

This is an appeal from a judgment of foreclosure of the lien of a street assessment upon a lot of land in the City of San Francisco.

It is contended that the judgment is erroneous, because the assessment does not show that the property or the streets represented upon it are within the City of San Francisco; because it does not show a sufficient description of the property; and because the law, under which the assessment has been made, is not equal and uniform, and therefore is unconstitutional and void.

*First.*—The Superintendent of Public Streets, Highways and Squares of the City and County of San Francisco, has certified the assessment from the book of the record of assessments in his office, and the caption at the head of the assessment shows that it was made in the City and County of San Francisco.

A venue in the margin of a pleading is held to be sufficient. (*Hicks* v. *Walker*, 2 Greene's Iowa Reps.; *Cocke* v. *Kendall*, 1 Hempstead, 393.) And where there are several facts, the venue stated as to the first will apply to all the matter which follows it. (*Skinner* v. *Gunton*, 1 Saund. 229.) Laying the *venue* in the caption of the assessment is, therefore, sufficient to show that the property sought to be charged is situated within the jurisdiction of the Superintendent of Streets of the City and County of San Francisco.

*Secondly.*—An assessment for a street improvement must contain a description of the property upon which a lien is claimed. In *Himmelman* v. *Cahn*, 49 Cal. 296, no courses were

represented on the diagram of the assessment. In *Himmelman* v. *Bateman*, 50 Cal. 11, the same defect existed, and the figure which indicated the depth of the side lines of the lot on the original diagram were omitted from the diagram as recorded; and in *San Francisco* v. *Quackenbush*, 53 Cal. 52, and *Norton* v. *Courtney*, Id. 691, there was nothing on the diagram to distinguish the meridian; and the description in each of those cases was held to be insufficient.

But in this case the assessment and diagram exhibit the streets on which the work has been done, the lot itself as designated by its number, the number of its feet front on the street, and the depth of its side lines, ·and also a scroll representing the direction of the streets. The point of a scroll is as competent as the barb of an arrow to denote north on a map or a diagram. Indeed, any peculiarity of shape or color is sufficient for that purpose, so that the Court is enabled to read from the diagram that Tyler Street lies northerly, and runs parallel with McAllister Street, and that both of them run easterly and westerly; and that Polk Street runs at right angles with the latter streets. These are streets of the city as designated on the official plan or map of the city, of which the Court is bound to take judicial notice. (Stat. 1858, pp. 52–56.) The description of the lot is therefore sufficient.

*Thirdly.*—The front foot system, which is the system of apportionment adopted for assessments for the public improvement of streets in the city of San Francisco, has not been declared unconstitutional in the ·case of the *People* v. *Lynch*, 51 Cal. 15. On the contrary, that system was upheld and maintained as a standard of apportionment by the Supreme Court in that case : for the reasoning of the Court is, that every tax must be levied with equality and uniformity under some system of apportionment; an assessment for improving a street in a city is a tax; therefore every assessment must be levied with equality and uniformity. But if it be so levied under a system which apportions it with reference to the number of feet fronting on the improvement, or to any other standard which will approximate equality and uniformity, it is not void for want of equality and uniformity. In that case the Court

had to deal with the fact that, in levying the assessment, a lot of land, within the district declared to be benefited, was not assessed at all; and in consequence thereof, the entire expense of the improvement was assessed upon the remaining lots; and it was held that the omission of the lot from the assessment disturbed the equality and uniformity of the levy, and rendered the assessment void; but that did not result from the assessment itself, but from the application of the system to the local improvement. No such disturbing cause exists in this case, and the assessment is valid.

Judgment affirmed.

McKINSTRY, P. J., and ROSS, J., concurred.