[No. 6,623.—In Bank.]

## C. B. WILLIAMS v. M. L. McDONALD ET AL.

. 58  5̄27
107  658
58  527
. 137  47

STREET ASSESSMENT—PRINTED SIGNATURE.—In an action for the foreclosure of a street assessment: *Held,* That the printed signature of the Clerk to the resolution of intention was sufficient.

ID.—PRACTICE—APPEAL.—*Held, further,* that a point not made in the Court below, could not be considered in this Court for the first time.

ID.—DIAGRAM—DESCRIPTION—POINTS OF COMPASS—SCROLL.—*Held, further,* that under the decision in *Whiting* v. *Quackenbush,* 54 Cal. 306, the diagram was sufficient.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial in the Third District Court of the City and County of San Francisco. THORNTON, J.

*Edward J. Pringle,* for Appellant.

The resolution of intention was not signed by the clerk. The statute requires a personal signing to authenticate the resolution. (*Cross* v. *State Bank,* 5 Ark. 525; *Davenport* v. *Sleight,* 2 Dev. & B. (N. C.), L. 381.) The demand was for an excessive amount: 1. Because the item of thirty-two dollars and ninety cents for printing was improperly included, not being a charge upon the property. 2. Because the gross amount demanded was in excess of the sum of the several items. (*Dyer* v. *Chase,* 52 Cal. 440.) The diagram was defective, containing no sufficient description of the property. (*Morton* v. *Courtney,* 53 Cal. 691; *San Francisco* v. *Quackenbush,* 53 id. 52.)

*J. C. Bates,* for Respondents.

The first point made is, that the clerk used and adopted a printed signature, instead of manually signing his name, under section 4 of the statutes of 1871–72, p. 805. 1. The simple meaning of said section is, that the resolution of intention shall be published ten days, etc., with name of clerk of board thereto. It is the publication of the resolution of intention the requisite period of ten days, that confers jurisdiction. Section 4 also provides as follows : * * * "At the expiration of any notice of intention, the Board of Supervisors shall be deemed to have acquired jurisdiction to order any work to be done which is authorized by section 3 of this act." (See *Emery* v. *S. F. G. L. Co.,* 28 Cal. 379.) 2. Section 446 of the Code of Civil Procedure provides that all pleadings shall be subscribed by the party or his attorney. This Court held a printed signature sufficient if the attorney adopts it. (*Hancock* v. *Bowman,* 49 Cal. 413; *Barnard* v. *Heydrick,* 49 Barb. 62.) Under section 5 of the statutes of 1871–72, p. 837, a signing by a printed *fac simile* to coupons is sufficient. (*Pennington* v. *Baehr,* 48 Cal. 565.)

MYRICK, J.:

This is an appeal from a judgment and order denying a motion for a new trial in a street assessment case. The appellant, Quackenbush, presents three points for our consideration, viz.:

1. The resolution of intention was not signed by the clerk.

Upon this point the testimony of the clerk of the Board of Supervisors was:

"I have adopted a form for my signature; there is a printed signature adopted by me for all resolutions and orders. The name John A. Russell is as you see printed at the bottom of the paper. I never actually signed it, but I adopted the printed signature. I always kept blanks for resolutions in my office with my signature printed at the bottom for convenience." He further testified that when the resolution in question was adopted by the Board he filled in the date and placed it in the proper place, and caused it to be published in the proper papers. The act in question says, "signed by the clerk." We see no objection to the clerk adopting a printed signature.

2. The demand was for an excessive amount, because the item of thirty-two dollars and ninety cents for printing was improperly included, not being a charge upon the property, and because the gross amount demanded was in excess of the sum of the several items.

This point is not well taken, being made in this Court for the first time. (*Deady* v. *Townsend,* 57 Cal. 298.)

3. The diagram was defective, containing no sufficient description of the property. This point is not well taken under the decision in *Whiting* v. *Quackenbush,* 54 Cal. 306.

Judgment and order affirmed.

SHARPSTEIN, J., MORRISON, C. J., ROSS, J., and THORNTON, J., concurred.