[No. 6,649.—In Bank.]

## JOHN J. BRADY *v.* ROBERT C. PAGE ET AL.

STREET ASSESSMENT—VENUE—DESCRIPTION—DIAGRAM—POINTS OF COMPASS—JUDICIAL NOTICE.—The Courts take judicial notice of the streets of San Francisco, and of their relation to each other, and of the directions in which they run,

*Held*, therefore—in an action upon a street assessment in which the case differed from that in *Whiting* v. *Quackenbush*, 54 Cal. 306, only by the absence of an arrow or scroll in the diagram—that the difference was immaterial.

ID.—CONTRACT FOR STREET WORK—TIME OF COMMENCEMENT—SUFFICIENCY OF EVIDENCE.

APPEAL from a judgment for ,the plaintiff, and from an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

*Joseph M. Nougues*, for Appellants.

The assessment and diagram do not show that it is for property in the City and County of San Francisco. The assessment, diagram, and warrant do not contain a description of the property. There is an utter absence of any scroll, arrow, or barb, to indicate the location of the lot. (*Himmelmann* v. *Cahn*, 49 Cal. 286; *Norton* v. *Courtney*, 53 id. 691; *Whiting* v. *Quackenbush*, 54 id. 306; *Himmelmann* v. *Bateman*, 50 id. 12; Stat. 1862—The Street Law.)

*C. H. Parker*, for Respondent.

*Brumagim* v. *Bradshaw*, 39 Cal. 40; *Whiting* v. *Quackenbush*, 54 id. 310; *Himmelmann* v. *Hoadley*, 44 id. 213;

*Mahoney* v. *Aurrecochea,* 51 id. 430; *Baker* v. *Hope,* 49 id. 598; *Lucas* v. *Marysville,* 44 id. 210; *Boggs* v. *Clark,* 37 id. 236; *Wetherbee* v. *Dunn,* 32 id. 106; Whitmore's Index to California Reports, title "Judicial Notice," 340.

The COURT:

This is an action to enforce a lien for a street assessment on the following described property: "Commencing at the corner formed by the intersection of the southerly line of O'Farrell Street with the westerly line of Laguna Street, running thence westerly along the southerly line of O'Farrell Street one hundred and thirty-seven and one half feet, thence at right angles southerly one hundred and twenty feet to Olive Avenue, thence at right angles easterly one hundred and thirty-seven and one half feet, and thence at right angles northerly one hundred and twenty feet to the point of commencement."

The assessment and diagram are as follows:

"Lots numbered and exhibited on the diagram hereto attached:

| No. | Names of Owners. | Front Ft. | By Whom Paid. | Amount. |
|-----|------------------|-----------|---------------|---------|
| 1. | Unknown. | 137½ | Paid J. J. Brady.......... | $1,773 35 |
| 2. | Unknown. | 137½ | ..................... | 1,773 35 |
| 3. | Unknown. | 137½ | Paid J. J. Brady.......... | 1,773 35 |
| 4. | Unknown. | 137½ | ..................... | 1,773 35 |
| 5. | Unknown. | 137½ | ..................... | 1,773 35 |
| 6. | Unknown. | 25 | Paid M. M. B.—J. J. Brady. | 322 40 |
| 7. | Unknown. | 25 | ..................... | 322 40 |
| 8. | Unknown. | 31¼ | Paid J. J. Brady.......... | 403 00 |
| 9. | Unknown. | 31¼ | ..................... | 403 00 |
| 10. | Unknown. | 25 | ..................... | 322 40 |
| | Total... | 825 | | $10,639 95 |

"M. C. SMITH,
"Superintendent of Public Streets, Highways, and Squares.

BUCHANAN STREET.

LAGUNA STREET.

"EXPLANATION.

"The figures on this diagram, in black, represent feet and fractions of feet; and those in red [italics], numbers of the lots.

"M. C. SMITH,

"Superintendent of Public Streets, Highways, and Squares."

(Figures 1 to 10 inclusive, red [italic].)

The appellants make the following points:

1. The assessment and diagram do not show that it is for property in the City and County of San Francisco.

2. The Court does not take judicial notice of the description of the property in the assessment.

In reference to these points it is sufficient to say, as was said by this court in *Whiting* v. *Quackenbush*, 54 Cal. 306:

"These are streets of the city as designated on the official plan or map of the city, of which the Court is bound to take judicial notice. (Stats. 1858, pp. 52–56.) The description of the lot is therefore sufficient." (Code Civ. Proc. § 1875, subd. 2; act approved April 1st, 1872, § 1.) The absence of an arrow or scroll in the diagram before us, makes no difference, because, if we take judicial notice of the streets, we also take judicial notice of their relation to each other, and of the directions in which they run.

The point also is made:

3. The time had expired within which the contractor was to commence the work; the contract and specification required the work to be commenced within one hundred and thirty days, and not being so commenced the contract lapsed.

It is a sufficient answer to this point to say, the Court below found that the contract was performed on the part of the contractor, and there was evidence to sustain that finding.

These are the only points necessary for us to notice; and no error appearing, the judgment and order are affirmed.

ROSS, J., expressed no opinion.

McKINSTRY, J., dissenting:

Neither the assessment nor diagram introduced in evidence, nor both together, show that the lot described in the complaint was assessed. The diagram does not indicate which of the two lines of O'Farrell Street is the southerly line.

But the record of the assessment and diagram constitutes a lien, to the extent of the several sums assessed upon each lot. (Stats. 1862, p. 397.) It follows that each lot assessed must be distinctly described in the assessment and diagram.

It is claimed, however, that the diagram will be rendered more certain by our "judicial" knowledge, which should extend so far as that we will take notice of the relative positions of the streets and alleys of the City and County of San Francisco (and all of the other cities and villages) and of their courses with reference to the points of the compass. I do not deem it necessary to consider this proposition.

It is urged, that, so far as San Francisco is concerned, an extraordinary judicial vision is conferred by the Act of March 11th, 1858, "to ratify and confirm certain ordinances," etc. Of the ordinances ratified by the Act is one, to the effect, that "a map or plan" reported to the Common Council by a commission, "be adopted by the Board and be declared to be the plan of the city." The act enacts, amongst other things, that it shall be the duty of all Courts and officers to take judicial notice of *the ordinances* confirmed. It simply declares that it shall be unnecessary to *prove* the ordinances; it takes the particular ordinances out of the general rule that the existence of a municipal law must be established by evidence. The provision is probably unnecessary, since the Courts must take notice of the ratifying act in which the ordinances are recited. But its purpose is apparent.

We, therefore, take judicial notice of the city ordinance declaring a map to be the official map of the city. When produced in Court from the proper custody, that map will be conclusively presumed to be a correct map. It is the official map, made so by the ordinance and Act of the Legislature, which correctly represents all the objects delineated upon it. The *identity* of the map is a matter of fact to be established by legal evidence; the proof being, ordinarily, evidence that it has been preserved and is produced by its legal custodian.

But because we take notice of the ordinance or statute, does it follow that we should apply the points of the compass to a map (not the official map) on which they are in no way indicated? That, without any examination or reference to a map which may, by proper evidence, be proved in a trial

court to be the official map, such Court should take judicial notice of the courses and direction of all the avenues, streets, and alleys of San Francisco ? That, on the mere mention of any of them, a Court will fix their relative positions; declare whether they cross at right or other angles; that some are parallel; that, if produced, others will meet, and at what precise point ? Can we decide at which corner of the space formed by the junction of two streets is to be found a lot, which is described only as being at one of the corners ? Can we take what appears to be a representation of the lines of streets within a small district, and in imagination apply it to a section of the official map, which is not before us; and upheld by a still further effort of fancy say : "If the map referred to in the ordinance and statute had been identified to our satisfaction, it would have shown that O'Farrell Street and Olive Avenue run easterly and westerly, and that Buchanan and Laguna streets run northerly and southerly. We *see* these streets, thus depicted on a copy of the official map photographed by the judicial will. We see also that the diagram annexed to the assessment is a *fac-simile* of a section of the official map.· Thus informed by a legal fiction, which renders ocular that which is occult, we know that the lot described in the complaint is the lot marked '4' on the diagram."

This, as it seems to me, is carrying the doctrine of "judicial notice" further than is sustained by precedents.