Lewis *v.* Champion.

HENRY R. LEWIS

*v.*

JOHN B. CHAMPION et al.

Executors' verbal statements to a creditor of the estate, that his claim was all right, and that they would pay it as soon as they had enough money on hand to do so, will not excuse such creditor's neglect to present the claim to them formally within the time limited by the order of the court, nor estop them from setting up the order; nor will an allegation that they have wasted the estate, unsupported by a statement of the facts constituting such waste, render them personally liable to a creditor of the estate.

---

Bill for relief.　On general demurrer.

*Mr. A. Stephany,* for demurrant.

*Mr. B. G. Peck,* for complainant.

THE CHANCELLOR.

The bill states that George W. Hinkle, now deceased, borrowed of the complainant, on or about December 3d, 1883, $1,000 upon his, Hinkle's, promissory note, which was unpaid

NOTE.—That an executor or administrator is bound to plead the statutory bar after it has attached, see *Wood's Lim. § 188; 3 Wms. on Exrs. (6th Am. ed.) 1905 (1803); Rockport v. Walden, 54 N. H. 167, 173; Stiles v. Smith, 55 Mo. 363; Littlefield v. Eaton, 74 Me. 516;* see *Boynton v. Sandford, 1 Stew. Eq. 184;* and his general request to a creditor of the estate for delay, or an assurance that the debt is good, will not prevent the operation of the statute, *Langham v. Baker, 5 Baxt. 701; Loyd v. Loyd, 9 Baxt. 406; Harrington v. Rich, 6 Vt. 666;* see *Harrison v. Jones, 33 Ala. 258; Sutton v. Burruss, 9 Leigh 381; Chesnutt v. McBride, 1 Heisk. 389;* nor his admissions as to the correctness of the amount of the claim, *Clark v. Davis, 32 Mich. 154;* nor his knowledge or notice of the existence thereof, *McDowell v. Jones, 58 Ala. 25; Pike v. Thorp, 44 Conn. 450;* see *Steuart v. Carr, 6 Gill 430; Perry v. West, 40 Miss. 233; Gansevoort v. Nelson, 6 Hill 389.*

In some states, by statute, equitable relief is authorized where "peculiar circumstances" have prevented the creditor from presenting his claim in due

Lewis v. Champion.

and not due when the latter died, which was but a few days after
the note was given; that the defendants, the executors of Hinkle,
took an order to limit creditors, the time limited wherein expired
September 19th, 1884; that the order was duly published, and
that the complainant had no knowledge of the order, and there-
fore did not present his claim under oath until after the limited
period had expired, and when he did so present it after the
expiration of that period, the defendants refused to receive it, on
the ground that it was not presented in due time. The bill
states that each of the defendants promised the complainant,
before the time limited in the order expired, to pay the claim,
and said it was included among the debts. It alleges that the
defendants made those promises and that statement for the pur-
pose of defeating the complainant's claim and deterring him from
taking any measures to secure it, and it states that the defend-
ants allege that the estate is insolvent. It states that the defend-
ants are wasting the estate and converting it to their own use.
It prays answer not under oath; that the defendants may be
required to admit the claim among the debts and liabilities of
the estate; that if the estate be solvent, they may be decreed to
pay the claim in full, or that if it be insolvent, they may be
decreed to pay the ratable proportion of the claim, and that they
may be decreed to be personally liable for the claim, and may be
compelled to pay it. The defendants filed a general demurrer.

time, *Brownell* v. *Williams*, 54 Iowa 353; *Baldwin* v. *Dougherty*, 39 Iowa 50;
*Wilcox* v. *Jackson*, 57 Iowa 278; see *Waltham Bank* v. *Wright*, 8 Allen 121;
*Jenney* v. *Wilcox*, 9 Allen 245; and, in some instances, without the aid of such
statutes, relief has been granted in equity for the representative's fraud, or
on some other equitable ground, *Clifton* v. *Haig*, 4 Desauss. 330; *Rose* v. *Clark*,
1 Root 229; *Dickey* v. *Corliss*, 41 Vt. 127; see *Stroud* v. *Barnett*, 3 Dana 391;
*Clark* v. *Hogle*, 52 Ill. 427; *Hales* v. *Holland*, 92 Ill. 494; *Fairfield* v. *Fair-
field*, 15 Gray 596; *Moody* v. *Harper*, 38 Miss. 599; *Wilkins* v. *Finch*, *Phil.*
(*N. C*) *Eq.* 355; *Ragsdale* v. *Holmes*, 1 Rich. (*N. S.*) 91; but the claimant
must establish a clear case, *Blanchard* v. *Williamson*, 70 Ill. 647; *Given* v.
*Whitmore*, 73 Me. 374; and relief has been refused for want of jurisdiction,
*Winegar* v. *Newland*, 44 Mich. 367; *Cooper* v. *Lyons*, 9 Lea 596; *Pulliam* v.
*Pulliam*, 10 Fed. Rep. 53; *Brashears* v. *Hicklin*, 54 Mo. 102; *Tazewell* v. *Whit-
tle*, 13 Gratt. 329; see *Packard* v. *Swallow*, 29 Me. 458; *Martin* v. *Campbell*, 35
Ark. 137; *Long* v. *Mitchell*, 63 Ga. 769.

Lewis v. Champion.

It will have been seen that the complainant alleges that he had no knowledge of the order to limit creditors, and therefore did not put in his claim, under oath, until after the period limited for the purpose in the order had expired. If the estate be insolvent, his claim is barred of a dividend by his failure to put it in under oath within the limited period, and no recognition of the claim by the executors, or by the orphans court itself, can supply the place of the statutory requirement. *Gould* v. *Tingley, 1 C. E. Gr. 501*. If the estate be not insolvent, the case made by the bill is not such as to warrant a decree depriving the executors of the protection against suit for claim which the statute gives them under the order to limit. They appear to have duly taken and published the order. They made no false or fraudulent representation to deter the complainant from making due proof of his claim. It is indeed alleged that their recognition of the claim, and promise to pay, were with a fraudulent design, but the facts stated do not support the charge. Their promises were promises to pay the debt out of the assets of the estate in due course of administration. They did not bind the executors, individually. They were without consideration, and oral, merely. The circumstances, according to the bill, were as follows: In April, 1884, the complainant called on Mr. Evans, one of the two executors, and gave him a notice from the bank in which the note was, demanding payment of the note, and then pre-

In *Emson* v. *Ivins, MS. N. J. Chan. Nov. 1883*, a creditor of an estate failed to present his claim within the time limited, but the executrix made payments thereon both before and after the expiration of the time fixed by the order. The executrix afterwards confessed a judgment for a large amount, and the sheriff levied on the assets of the estate and sold them. The creditor thereupon filed a bill in equity to recover his debt, and obtained a preliminary injunction restraining the sheriff from paying over the proceeds of his sale to the judgment creditor, on an allegation that the confessed judgment was fraudulent as to him. On motion to dissolve this injunction, Vice-Chancellor Bird ordered it to be retained until final hearing.

In *Whitmore* v. *San Francisco Sav. Union, 50 Cal. 145*, a debtor had conveyed land to his creditor, in trust to secure his promissory note. After the debtor's death the creditor failed to present his claim to the executor in due time—*Held* that the court would not compel him to surrender his security, nor enjoin him from selling the land under a power contained in the deed of trust.—Rep.

sented the claim to Evans, who received it as a just claim against
the estate, saying that he had personal knowledge of it, and that
it was all right.   The complainant then inquired of him what
he intended to do about paying the note, and Evans replied that
he had only about $200 in bank belonging to the estate, and
could not pay it then, but would pay it so soon as money enough
of the estate should come into his hands to enable him to do so.
The complainant asked him what was the amount of the assets
of the estate, and Evans replied that the inventory amounted to
$9,209.57, and the claims to about $4,000, including that of the
complainant.   Afterwards the complainant saw the other execu-
tor, Mr. Champion, and presented the claim to him, and he
recognized and received it as a just claim against the estate,
saying that he knew all about it, but could not pay it at that
time for want of funds of the estate wherewith to pay it when he
got the money.   The complainant's attorney called on Evans in
April, 1884, and conversed with him about the claim.   The
latter said the amount of the inventory was $9,209.57, and the
debts, including the claim of the complainant, which had been
received, $4,000.   In all this there is no evidence of fraudulent
design on the part of the defendants, or either of them.   Nor was
there anything more than the ordinary replies made under such
circumstances by executors to creditors inquiring concerning
estates supposed to be entirely solvent, as the estate of Hinkle
was then believed to be.   The effect of such promises on the part
of executors would be, at most, if their conduct had been in-
equitable to the prejudice of the complainant, misleading him,
and so preventing him from putting in his claim, to estop them
from setting up the bar of the statute under the order to limit to
a suit brought by the complainant against them with a view to
obtaining satisfaction of his claim out of the estate.   But, as
before stated, there is nothing in this case to create such an
estoppel.   The complainant was bound to take notice of the
proceedings taken by the executors, according to the statute, in
the course of the administration, and to comply with the require-
ments of such proceedings, so far as applicable to them, and
calling for their action.   It may be observed that, as before

stated, the bill alleges that the promises were made with the intention to defraud the complainant, but that allegation, though a statement in form, is, in fact, but a mere charge, and, as before remarked, is unsupported by the facts set forth in the bill. It may be added that the bill states that the executors have wasted the estate and have converted it to their own use, but this allegation being sustained by no statement of fact, is insufficient. *Kerr Fr. 365.* It may be added that no relief is sought which is based on such alleged waste or conversion.

The demurrer will be allowed.