[No. 13969. Department One. — December 20, 1890.]

A. J. GILLIS ET AL., RESPONDENTS, v. DANIEL CLEVELAND, APPELLANT.

STREET IMPROVEMENT — ASSESSMENT — LIEN UPON LOTS — FORECLOSURE — SEVERAL RIGHT OF ACTION — FORMER RECOVERY — PLEA IN BAR. — Under the act of March 18, 1885 (Stats. 1885, p. 147), providing for the assessment of abutting lots for the expenses incurred for street improvements, and that the amount assessed upon each lot shall be a lien thereon, each lot or portion of a lot is separately liable for its proportion of the cost of the improvement, and the liability of each is independent of any other, and constitutes a separate demand upon which a separate cause of action may be based, and the foreclosure of a lien upon one lot is not a bar to an action to foreclose a lien upon another lot owned by the same person.

ID. — PERSONAL LIABILITY. — The expense of the improvement is a lien upon the property benefited, and not a charge against the owner personally.

ID. — ATTORNEY'S FEES — ALLOWANCE AGAINST EACH LOT. — Under section 12 of such act, allowing a certain amount as an attorney's fee, in addition to the taxable costs, in all cases of recovery under the provisions of the statute, the fee may be allowed as against each lot, although owned by the same person.

ID. — RECORD OF WARRANT OF ASSESSMENT. — A warrant of assessment must, in order to create a lien upon the property charged, be recorded in the office of the superintendent of streets before it is delivered to the contractor or his assigns.

ID. — OMISSION OF NAME OF MAYOR FROM RECORD. — Where the warrant of assessment was properly signed by the superintendent of streets, and contersigned by the mayor, the fact that the name of the mayor and the designation of his office were omitted from the record by the superintendent does not render the recording ineffectual.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Luce, McDonald & Torrance;* for Appellant.

*Hunsaker, Britt & Lamme,* for Respondents.

GIBSON, C. — This action was brought to foreclose a street-assessment lien for the grading of Logan Avenue, in the city of San Diego.

The defendant, in his answer, put in issue some of the material allegations of the complaint, and as one of his affirmative defenses set up a former recovery in another action between the same parties. This plea in bar was, upon plaintiffs' motion, stricken out; and upon the trial subsequently had before the court without a jury, judgment was rendered for the plaintiffs, from which the defendant appeals.

Appellant's counsel maintain that the court erred in striking out the plea in bar.

The property affected in the former action was lot 2, in block 179, of Manassee and Schiller's addition to the city; while in this action it is lot 9 in the same block. They both were and are owned by the defendant, and front on Logan Avenue, and were both assessed for the same grading, which was let as a single contract by the city to the plaintiffs, who performed the work. The latter brought a separate action against the defendant as to lot 2, and obtained a judgment, which appears to have been satisfied. And it is now claimed that as that judgment was rendered in an action upon the same assessment, which constituted but one entire demand, it

was a recovery upon a portion of such demand, and is good as a plea in bar of the present action.

But we think an examination of the act of March 18, 1885 (Stats. 1885, p. 147), under which the improvement and assessment were made, will show that the rule invoked by the appellant has no application here.

It is provided in the first subdivision of section 7 of that act that the expenses incurred for any work authorized by the act " shall be assessed upon the lots and lands fronting thereon; . . . . each lot or portion of a lot being separately assessed, in proportion to the frontage, at a rate per front foot sufficient to cover the total expenses of the work."

And section 8 provides that "after the contractor of any street-work has fulfilled his contract to the satisfaction of the street superintendent of the said city, or city council on appeal, the street superintendent shall make an assessment to cover the sum due for the work performed and specified in said contract (including any incidental expenses)." This assessment shall show, among other things, "the amount of each assessment, the name of the owner of each lot, or portion of a lot (if known to the street superintendent); if unknown, the word 'unknown' shall be written opposite the number of the lot, and the amount assessed thereon, the number of each lot or portion of a lot assessed, and shall have attached thereto a diagram exhibiting . . . . the relative location of each distinct lot or portion of a lot to the work done," etc. Section 9 provides that a warrant signed by the superintendent of streets, and countersigned by the mayor of the city, shall be attached to the assessment. The warrant, assessment, and diagram must then be recorded in the office of the superintendent of streets. "When so recorded, the several amounts assessed shall be a lien upon the lands, lots, or portions of lots assessed, respectively, for the period of two years from the date of said recording, unless sooner discharged. . . . .

After said warrant, assessment, and diagram are recorded, the same shall be delivered to the contractor, or his agents or assigns, on demand; . . . . and by virtue of said warrant, said contractor, or his agents· or assigns, shall be authorized to demand and receive the amount of the several assessments made to cover the sum due for the work specified in such contracts and assessments."

Thus it appears that the expense of the improvement is a charge upon the property benefited, and not a charge against the owner personally. In furtherance of this end, the identity of the lot assessed, and not the person who may be the owner, is made the essential requirement of the statute; the first must be specifically described, while the latter may be designated as "unknown," as in the present case. Nowhere in the statute does any intention appear to charge the owner personally.

In *Taylor* v. *Palmer*, 31 Cal. 241, it was held that in cases of this character the owner could not be made personally liable for the proportion of the expense of the improvement assessed against his property. And in *Dyer* v. *Barstow*, 50 Cal. 652, it was held that there was no privity of contract between the owner and the person who contracted with the city to do the work.

It is to be observed that the several assessments which the contractor is authorized to demand and receive are the particular assessments against each lot or portion of a lot. He is not empowered, in cases where a person owns two or more lots liable for their proportion of the cost of the improvement, to demand the sum of the several assessments against two or more lots, but must make a several demand as to each lot. Thus in a case like the one here, where a demand was made upon the premises assessed, as may now be done where the owner named in the assessment, or his agent, cannot conveniently be found, and which must be done whenever the name of the owner is stated as unknown (Act of 1885, p. 147, sec. 10), a demand upon each of two lots for the

sum of the assessments due upon both was held to be bad, and insufficient to support a recovery. (*Schirmer* v. *Hoyt*, 54 Cal. 280.)

Again, in the same section of the act last referred to, the assessment against each lot is treated as a separate and distinct demand; for the superintendent of streets " may release any assessment upon the books of his office, on the payment to him of the amount of the assessment against any lot, with interest, or on the production to him of the receipt of the party, or his assigns, to whom the assessment and warrant were issued." And by section 12, when suit is brought: "The court in which such suit shall be commenced shall have power to adjudge and decree a lien against the premises assessed, and to order such premises to be sold on execution, as in other cases of the sale of real estate by the process of said courts." It is obvious that the lien here referred to is one for the particular amount assessed against each lot, and not the whole amount of several assessments against all the lots of one owner, without regard to the proportion properly chargeable to each. Thus in *Brady* v. *Kelly*, 52 Cal. 372, it was said: "Where two or more lots are assessed for the expenses of work on a street, each lot is chargeable only with the amount assessed upon it, and not for the amount assessed against another lot; and in enforcing the lien of the assessment, the judgment should state the amount for which each lot is liable, and should order a sale of each lot, or so much thereof as may be necessary to satisfy such amount and costs."

We therefore think it manifest that each lot, or portion of a lot, is separately liable for its proportion of the cost of the improvement, and that the liability of each is independent of any other, and constitutes a separate demand, upon which a separate cause of action may be based. And since this is so, the recovery as to lot 2, in the former action, although between the same parties, was not upon the same, but a different, cause of action,

and therefore was not good as a plea in bar of this action, and was for that reason properly stricken out.

What we have said on this point also disposes of the suggestion regarding the allowance of fifteen dollars, as an attorney's fee, in addition to taxable costs, in all cases of recovery under the provisions of the statute. (Act of 1885, p. 147, sec. 12.) For it necessarily follows that if the charge against each lot or portion thereof is a separate and distinct demand, that the attorney's fee, prescribed by section 12, may be allowed in each case. And in response to appellant's argument regarding this burden, it may be proper to add that such burden may be escaped by paying for the improvement before suit is brought.

The appellant further maintains that the judgment is not sustained by the findings, since it appears from the latter that the warrant issued to the plaintiffs was never recorded in the office of the superintendent of streets. As already shown, a warrant of the character of the one in question must, in order to create a lien upon the property charged, be recorded in the office of the superintendent of streets before it is delivered to the contractor or his assigns. (Act of March 18, 1885, sec. 9. See *Himmelmann* v. *Danos,* 35 Cal. 450; *Himmelmann* v. *Bateman,* 50 Cal. 11; *Norton* v. *Courtney,* 53 Cal. 691.)

The findings here disclose that the warrant, which was properly signed by the superintendent of streets, and countersigned by the mayor, was recorded in the office of the first-mentioned officer, but that the name of the mayor, and the designation of his office, viz., "W. J. Hunsacker, Mayor," were omitted from the record. And this omission, it is claimed, made the recording ineffectual. In *San Francisco* v. *Certain Real Estate,* 50 Cal. 188, which was an action *in rem* to enforce a street assessment, the duplicate assessment roll required to be made under section 7 of the act of February 1, 1870, amendatory of the act of March 30, 1868 (Stats. 1869–

70, p. 41), did not contain the certificate of the mayor, which was appended to the original assessment roll. This omission, on the trial, was held to be immaterial, and on sustaining the ruling on appeal, this court said: " It appears, in the record, that the original roll was duly made and properly certified by the mayor, who delivered it to the auditor; but in making the duplicate for the collector, the auditor omitted therefrom the certificate of the mayor. The court below held the omission to be immaterial, and we agree in that opinion."

So here, the record shows that the warrant was properly signed and countersigned; but that the superintendent of streets, in recording it in the record-book, in his office, failed to copy the name and official designation of the mayor. We can see no difference in principle between this case and the one quoted from. The original warrant here was authenticated, as the original assessment roll was there, in the manner required by law, and the omission of the mayor's certificate from the duplicate of the original assessment roll in the latter case was deemed immaterial. And we think the omission complained of here is of the same character. This defect is not the same as those held to be fatal in *Himmelmann* v. *Bateman*, 50 Cal. 11, and *Norton* v. *Courtney*, 53 Cal. 691. In each of those cases the omission from the record was an essential part of the description of the premises against which the lien was sought to be enforced. In the first, the depth of the lot was, by mistake, omitted from the diagram; and in the second, the arrow showing the courses on the diagram was, in like manner, omitted. (Compare this last case with *Whiting* v. *Quackenbush*, 54 Cal. 306.) These omissions were fatal, because they rendered it impossible, in either case, to identify the property from the record. In *Himmelmann* v. *Danos*, 35 Cal. 450, which is to the same effect, the record of the the assessment and diagram and warrant was held to be no record at all, because the same was not certified

to by the superintendent of streets, or by any one for him.

This disposes of the appellant's argument, and finding no error in the record, we think the judgment should be affirmed.

Belcher, C. C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.