[No. 18345.   Department Two.—July 3, 1895.]

B. LABS, APPELLANT, v. JOHN F. COOPER, RESPONDENT.

STREET ASSESSMENT—DIAGRAM AND ASSESSMENT—RECORDING—VARIANCE. Any variance between the original and recorded diagram and assessment sufficient to prevent notice being given by an inspection of the record as to what property is sought to be subjected to the lien is material and fatal to the lien; but if the diagram and assessment, as recorded, do contain a sufficient description of the property, any variance from the original is immaterial.

ID.—OMISSION OF POINTS OF THE COMPASS.—A recorded diagram of a street assessment in the city of Sacramento which omits every thing contained in the original indicating the points of the compass does not contain a sufficient description of the property, and no lien can be founded thereon.

ID.—DESCRIPTION BY NUMBER OF LOT—REFERENCE TO MAP.—The description of a lot in the assessment and diagram merely by a particular number, which is the number that it bears on the official map of the city of Sacramento, is insufficient if there is nothing contained in the assessment referring to such official map. The court cannot take judicial notice that there is such a map, and the property owner is not chargeable with knowledge of it.

APPEAL from a judgment of the Superior Court of the County of Sacramento.

The property sought to be charged with the line of the street assessment in this case was situated in the city of Sacramento. The further facts are stated in the opinion of the court.

Clinton L. White, for Appellant.

Armstrong & Platnauer, for Respondent.

HENSHAW, J.—Appeal from the judgment rendered in favor of defendant in an action to foreclosure the lien of an assessment for street work.

The court found in favor of the plaintiff upon all his averments excepting that of the recordation of the diagram.

The diagram, as recorded, omitted the arrow and the initial letters N., E., S., and W., indicating the points

of the compass.   The court concluded that there was no
sufficient description of the property contained in the
recorded assessment and diagram and passed judgment
accordingly.

The arguments here urged in support of the suffi-
ciency of the diagram were with few exceptions before
this court in *San Francisco* v. *Quackenbush,* 53 Cal. 52,
and *Norton* v. *Courtney,* 53 Cal. 691, and there held
insufficient.

The purpose of the recordation being to carry notice
by an inspection of the record to the owner and all
others having dealings with the property that it is sub-
ject to a lien, it follows that any variance between the
original and recorded instruments which defeats this
purpose is material. *Per contra,* if the diagram and
assessment as recorded do contain a sufficient descrip-
tion, then, in this regard, any departure from the orig-
inal form will be held trifling and immaterial.

In the diagram as recorded, in the above cases, the rel-
ative locations of the streets to each other were shown,
as were also the relative locations, frontages, and dimen-
sions in feet of the lots assessed, and the lots bore ap-
propriate assessment numbers.   No difficulty would have
been experienced by any one in fixing with mathemat-
ical accuracy the precise position of any piece of land
sought to be charged, if only the points of the com-
pass had been indicated.   But without this indicator an
owner could not determine from an inspection of the
diagram and assessment where upon the map his land
was platted, nor whether, in fact, it was delineated at
all.   It is true, he could determine these matters by a
resort to outside aids, but the rule, *id certum est, quod
certum reddi potest,* has no application to descriptions
under proceedings *in invitum.*   In such cases the de-
scription must be sufficient to enable the owner to
determine from an inspection of it whether his land
is sought to be subjected to the lien.

The doctrine of these cases has been apparently modi-
fied in the later cases of *Whiting* v. *Quackenbush,* 54 Cal.

306; *Williams* v. *McDonald*, 58 Cal. 527; *Brady* v. *Page*, 59 Cal. 52; *Williams* v. *Savings & Loan Soc.*, 97 Cal. 122; but the modification is based upon the view of the court, expressed in each case, that the diagram is sufficient because the court must take judicial notice of the streets of San Francisco, their relative locations, and the directions in which they extend. (Stats. 1858, pp. 52, 56.)

But in the case at bar the description cannot be held sufficient even upon this ground. In the assessment the land is described as " All, Lot 6, Block D and E— 16 and 17," and upon the diagram a lot is numbered 6. This, appellant contends, is sufficient because it contains the number of the lot according to the official map of the city of Sacramento. There is, however, nothing in the record to show this, the assessment does not refer to any official map, we cannot take judicial notice that there is such a map, and, what is of still more consequence, the property owner is not chargeable with knowledge of it.

We conclude, then, that the recorded diagram and assessment contain no sufficient description of the land to be charged, and that the omissions indicated form a material variance between the original and recorded diagram.

The judgment is affirmed.

MCFARLAND, J., and TEMPLE, J., concurred.