[S. F. No. 1922.   Department Two.—December 26, 1901.]

J. R. BLANCHARD, Respondent, v. WILLIAM LADD,
Appellant.

STREET ASSESSMENT—RECORD OF DIAGRAM—ADMISSION IN PLEADINGS—
DESCRIPTION—ERROR IN ARROW—IMMATERIAL VARIANCE—IDENTI-
FICATION.—In an action to enforce a street assessment, where the
assessment and diagram as recorded gave a sufficient and true
description of the lot assessed, and allegations in the complaint as
to the true direction of the street and that the lot of the defendant
was assessed as alleged, were not denied, a mere error in the direc-
tion of an arrow upon a street named in the original diagram which
was corrected in the record, is an immaterial variance, if there was
sufficient other description in the original diagram to identify the
lot assessed.·

ID.—APPEAL FROM ORDER GRANTING NEW TRIAL—ABSENCE OF DIAGRAM
FROM RECORD—PRESUMPTION.—Upon appeal from an order granting
a new trial, where the diagram is not contained in the record, it must
be presumed, in favor of the order, that the arrow was not an essen-
tial part of the description, and the finding that the lot was in fact
assessed will be accepted as conclusive upon such appeal.

ID.—ARROW WHEN NOT PART OF ASSESSMENT.—An arrow is not an
essential part of an assessment, unless used as an essential part of
the description; and where the description is otherwise sufficient
to identify the land assessed, and to show the relative location of
each lot to the work done, an arrow or other mark indicating the
points of the compass is unnecessary and immaterial.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a new trial.   James
M. Troutt, Judge.

The facts are stated in the opinion.

T. Z. Blakeman, for Appellant.

Alexander G. Eells, and H. K. Eells, for Respondent.

SMITH, C.—Appeal from an order granting the plaintiff a
new trial.   The case is similar to the case of the same title just
decided (*Blanchard* v. *Ladd, ante,* p. 212), except in the fol-
lowing particulars:—

In this case—which is for an assessment on the same lot for
work on a different part of Farallones Street—it is found by

the court, not only that the width and grade of the street was never established, but, in effect, that the diagram accompanying the assessment was never recorded; and it appeared from the evidence offered by the plaintiff to make his *prima facie* case, that there is in fact a variance from the original in the copy of the diagram in the record, consisting in the position of the arrow indicating direction, which in the recorded copy is at right angles to Farallones Street, and in the original parallel with it. The question presented, therefore,—in addition to the question considered in the former case, which need not be again discussed,—is whether this is a fatal variance. In considering this question, it is to be observed that it appears, from the description of the land assessed in the complaint, and the undenied allegations with reference thereto, that Farallones Street runs east and west, as indicated by the arrow in the recorded copy of the diagram, and, consequently, that the error in the direction of the arrow is in the original, and also that the lot of the defendant, as described, was in fact assessed as alleged.

It follows that the variance must be regarded as immaterial. "The purpose of the recordation being to carry notice by an inspection of the record to the owner and all others having dealings with the property, it follows that any variance between the original and recorded instruments which defeats this purpose is material; *per contra,* if the diagram and assessment as recorded do contain a sufficient description, then, in this regard, any departure from the original form will be held trifling and immaterial." (*Labs* v. *Cooper,* 107 Cal. 657.) The case, it is clear, comes under this principle; for the recorded copy gives "a sufficient description," and, in fact, so far as it might, corrected the error in the original. Nor could the omission in the copy of the false call in the original have any tendency to mislead the owner of the land assessed, or in any way affect the validity of the assessment. (*Gillis* v. *Cleveland,* 87 Cal. 214.)

Hence,—as is claimed by the respondent,—the real defect in the assessment complained of is the error in the original diagram,—i. e. in the erroneous direction of the arrow; and this, it is further claimed, was cured by the failure to appeal to the board of supervisors. (*Dyer* v. *Parrott,* 60 Cal. 555; *Buckman* v. *Landers,* 111 Cal. 350; *Wells* v. *Wood,* 114 Cal.

257.) But, obviously, if the description given by the assessment and diagram be insufficient to identify the land assessed, the assessment, unless corrected, will necessarily be void on its face, and hence the failure to appeal cannot cure it. On the other hand, if on the whole diagram and assessment the description be sufficient, the assessment will be good. (*Himmelman* v. *Bateman*, 50 Cal. 15; *Norton* v. *Courtney*, 53 Cal. 693.) ''In each of these cases [it is said by the court in a later case] the omission from the record was an essential part of the description of the premises against which the lien was sought to be enforced. . . . These omissions were fatal, because they rendered it impossible, in either case, to identify the property from the record.'' (*Gillis* v. *Cleveland*, 87 Cal. 220.)

The question, then, to be considered is as to the sufficiency of the original diagram and assessment to identify the land. Or, rather, on the record before us, the question is, Does it appear from the record that the description in the original diagram and assessment was insufficient? For, on familiar principles, the order of the court below cannot be disturbed, unless error affirmatively appears. But, obviously, we think, such is not the case. An arrow is not an essential part of an assessment diagram, though it may, when used, be, in some cases, an essential part of the description. Thus, if the work be for the grading of a crossing of two streets,—as in the former case,—it is obvious that a diagram showing the streets in the vicinity of the crossing, and these streets only, and representing the lot assessed as at one of the corners, would be insufficient, without an arrow, scroll, or something equivalent to show direction; for, otherwise, the lot, as represented, might be in either of the corners. (*San Francisco* v. *Quackenbush*, 53 Cal. 53.) But there are other ways of representing direction. Thus, the course might be written on one of the boundaries of a street or on that of one of the lots, or the direction of the lines might be otherwise indicated; and, not having the diagram before us, we cannot say that this is not so in the present case. We must, therefore, regard the finding of the court that the lot, as described in the complaint, was in fact assessed, and the order granting a new trial as conclusive on us. (*San Francisco* v. *Quackenbush*, 53 Cal. 53.)

These considerations dispose of the case as presented by the present record. But on the new trial the question of the

sufficiency of the diagram to support the record will necessarily be presented, and it will therefore be proper to say that we are not to be understood as holding that it is essential that the points of the compass should be indicated correctly on the diagram, either by arrow or otherwise. On this point the authorities conflict. (*Labs* v. *Cooper,* 107 Cal. 657, 658, and authorities cited.) But the principle is well established that all that is necessary is, that the description be sufficient to identify the land assessed, and that "the relative location of each lot to the work done" be shown (*McDonald* v. *Conniff,* 99 Cal. 390; Street Improvement Act, sec. 8 (Stats. 1889, p. 166); *Diggins* v. *Hartshorne,* 108 Cal. 164; *Neilson* v. *Lee,* 60 Cal. 555; *Himmelman* v. *Bateman,* 50 Cal. 11; *Norton* v. *Courtney,* 53 Cal. 691; *Gillis* v. *Cleveland,* 87 Cal. 20); and where this is effected, an arrow or other mark indicating the points of the compass will be unnecessary.

We advise that the order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Henshaw, J., Temple, J.