[No. 11191. In Bank. — February 17, 1887.]

# F. F. DOLAND, APPELLANT, *v.* JOHN E. MOONEY ET AL., RESPONDENTS.

TAXATION — MORTGAGE — CONSTITUTIONAL LAW. — Under section 4 of article 13 of the constitution, a mortgage upon real estate is assessable and taxable as an interest in the mortgaged premises.

ID. — ASSESSMENT OF MORTGAGE — DESCRIPTION. — An assessment which describes the property assessed as consisting of a mortgage upon certain described real estate, being the mortgaged premises, is an assessment of such real estate, and not merely an assessment of the mortgage.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*D. E. Alexander*, and *Jay R. Brown*, for Appellant.

*C. L. White*, and *Lincoln White*, for Respondents.

BELCHER, C. C.—This action was brought to determine the ownership and right to the possession of a parcel of land in the city of Sacramento.

The plaintiff claimed title to the demanded premises under a sale for delinquent state and county taxes, and at the trial introduced in evidence his tax deed and certificate of sale, and then rested his case. The defendant moved for a nonsuit, upon the ground that it appeared from the plaintiff's evidence that the tax collector sold only a mortgage upon the real property, and not the property itself. The court granted the motion, and the plaintiff appealed from the judgment.

The recitals of the deed are, that " Robert Anderson was assessed for taxation for state and county taxes for the year 1883 upon his interest in the real property hereinafter described; that there was so assessed to said Robert Anderson a mortgage upon the following-described property, to wit [describing the premises in question]; that the tax collector of said county gave due and legal notice, . . . . and did expose for public sale, at the time mentioned in said notice, the property so as aforesaid assessed and described; that at said sale Eli Mayo was the bidder who offered to take the least quantity of said property, and the smallest portion of interest therein, . . . . to wit: all of the above-described property; that the same was thereupon by the said tax collector struck off and sold to said Eli Mayo."

The certificate of sale recites "that Robert Anderson was assessed for taxation for state and county taxes for the year 1883, with the following-described property, to wit, mortgage on north forty-two feet," etc. (describing property). It then recites all the other matters required by section 3776 of the Political Code, and among others,

"that said property was sold subject to redemption, and that unless the same is redeemed according to law within one year from the date hereof, the said purchaser or his assigns will, at the expiration of one year from date hereof, be entitled to receive a deed for the same."

It is claimed for respondents that these recitals show that the mortgage was assessed and sold, and not the land on which the mortgage was placed, and that plaintiff's only remedy, if he has any, is to foreclose his mortgage.

We do not think so. The constitution provides that "a mortgage, deed of trust, contract, or other obligation by which a debt is secured, shall, for the purpose of assessment and taxation, be deemed and treated as an interest in the property affected thereby, . . . . and the value of such security shall be assessed and taxed to the owner thereof. . . . . The taxes so levied shall be a lien on the property and security." (Sec. 4, art. 13; Pol. Code, sec. 3627.)

Under this provision the Anderson mortgage was assessable and taxable as an interest in the premises in question, and not otherwise. It was evidently so assessed, and the description, in our opinion, was altogether sufficient.

"In listing the land, it must be described with particularity sufficient to afford the owner the means of identification, and not to mislead him." (Cooley on Taxation, ·282.)

The description here, as shown in the certificate and deed, was sufficient, if the owner knew the law,—and he is presumed to have known it,—to fully meet these requirements.

It follows that the nonsuit was improperly granted, and the judgment should therefore be reversed.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed.

Rehearing denied.