[No. 4168.]

THE CITY AND COUNTY OF SAN FRANCISCO v. CERTAIN REAL ESTATE.

DUPLICATE OF ASSESSMENT ROLL.—The auditor, in making a duplicate copy of the assessment-roll, under the act of March 30, 1868, for modifying the grade of certain streets in San Francisco, need not attach thereto a copy of the certificate of the mayor appended to the original roll, certifying to its correctness.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Action to enforce a lien on a lot twenty-five feet front by eighty deep, on the northwest side of Brannan street, one hundred feet northeasterly from Second street. The lien was claimed for $617.76, for modifying the grade of Brannan street, under a contract made by the city authorities, under the act of March 30, 1868, mentioned in the syllabus. The plaintiff offered in evidence the original assessment-roll, to which was appended the following certificate of the Mayor:

"State of California, } *ss.*
City and County of San Francisco.

"I, Thomas H. Selby, Mayor of the City and County of San Francisco, do hereby certify that the foregoing assessment-roll, from and including page one (1) to and including page fifty-four (54), is correct, according to copy delivered and signed by the Honorable John A. Stanly, County Judge.

In witness whereof, I have hereunto set my hand, and caused the seal of the City and County of San Francisco to be affixed in attestation thereof, this twenty-second day of April, A. D. one thousand eight hundred and seventy-one.

[SEAL.] "Thos. H. Selby,
Mayor."

The duplicate assessment-roll was introduced by the defendant for the purpose of showing that it did not contain said certificate of the mayor. The court rendered judgment for the plaintiff. The defendant appealed.

The other facts are stated in the opinion.

*H. H. Haight and Edward R. Taylor,* for the Appellant.

The present controversy arises out of matters in section 7 of the statute to be found on pages 43 and 44 of the Statutes of 1869–70.

The duplicate assessment-roll provided for in that section was delivered to the tax collector, without there having been affixed to it a copy of the authentication of the mayor.

The statute (page 43, at bottom of page) provides that the "assessment-roll, when complete, shall be certified by the mayor of said city to be correct, by writing his certificate at the end thereof, signed by him, and attested with the seal of said city;" and that "said assessment-roll shall then be delivered by the mayor to the auditor of said city and county, who shall make a duplicate thereof, certified by him to be a true copy, and deliver said duplicate to the tax collector."

Now it is apparent that the word "*complete*" is not used in a *legal* sense, and that it simply has reference to the *clerical* work upon the roll; for certainly an official record,

without anything to show its official character, cannot be said to be legally complete.

*Joseph M. Nougues,* for the Respondent.

By the Court, ·CROCKETT, J.:

Counsel have stipulated that the only question to be determined on this appeal shall be "whether or not the duplicate of assessment-roll specified in the statute authorizing the improvement, should have had incorporated therein, by the auditor of the city and county of San Francisco, the certificate of the mayor," appended to the original roll, certifying to its correctness.

The statute required the assessment-roll to be made up from the report of the commissioners, under the supervision of the mayor. It involved only a clerical duty; and "when complete" the mayor was required to certify to its correctness and deliver it to the auditor, whose duty it was to make a duplicate of the roll, and deliver it to the collector. It appears in the record that the original roll was duly made and properly certified by the mayor, who delivered it to the auditor; but in making the duplicate for the collector the auditor omitted therefrom the certificate of the mayor. The court below held the omission to be immaterial, and we agree in that opinion.

Order and judgment affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.