[S. F. No. 1344. Department Two.—February 26, 1900.]

EDWARD R. MOFFITT, Respondent, v. JAMES C. JORDAN et al., Defendants. JOSEPH M. WOOD, Appellant.

STREET ASSESSMENT— RECORD OF ENGINEER'S CERTIFICATE — CLERICAL DEFECT.—In an action to foreclose the lien of a street assessment, a clerical defect in the record of the certificate of the engineer, owing to the omission of the words, "depth being O. K.," where the exact depth is stated in the recorded certificate, and the remainder of the certificate, together with the assessment, diagram, and warrant, were correctly recorded, does not affect any substantial right of the owner of the lot, but shows a substantial compliance with the statute.

ID.—SHOWING OF RECORD PRIOR TO DEMAND—PRESUMPTION.—Where it is plain from the record that the plaintiff had the assessment, warrant, and diagram in his possession after they were recorded, and when the demand was made nearly thirty days subsequent to the record, it cannot be presumed that they may have been delivered to the plaintiff before they were recorded.

ID.—BLANK DATE IN RECORD OF RETURN—IMMATERIAL OMISSION.—Where the original return of demand, and the verification thereof were properly made and dated, a clerical omission to fill a blank date left in the record of the verification is immaterial, and could have injured no one, and cannot operate to deprive the contractor of his lien.

ID.—PUBLICATION OF NOTICES AND RESOLUTIONS—COLLATERAL ATTACK.— When the notices and resolutions concerning the assessment were published in a newspaper designated by the board of supervisors, the defendant cannot, in an action to foreclose the assessment, collaterally attack the publication by proof that such newspaper was not the lowest bidder, and that the publishing was not let to the lowest bidder.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion.

Joseph F. Bluxome, for Appellant.

J. C. Bates, for Respondent.

COOPER, C.—This action was brought to recover an assessment, amounting with costs to fifty-two dollars and ninety-

nine cents, made for street improvements, upon a lot owned by appellant, and to have it adjudged a lien against the lot.   The court below filed findings, and judgment was thereupon entered in favor of respondent.   This appeal is from the judgment and from an order denying appellant's motion for a new trial.   The law in regard to assessments for street improvements requires that there shall be a warrant signed by the superintendent of streets and the mayor of the city, authorizing the contractor to demand and receive the several assessments, an assessment   in proper form, a diagram of the premises, and a certificate of the city engineer.   (Act March 31, 1891, sec. 9; Stats. 1891, p. 205.) The act provides: "Said warrant, assessment, and diagram, together with the certificate of the city engineer, shall be recorded in the office of said superintendent of streets."

The principal point urged here is that there is no authentication of the copy of the engineer's certificate, or any certificate of the recording of the engineer's certificate.   It is not claimed that the warrant, assessment, diagram, and certificate were not each in fact made and in proper form.   No objection is made as to recording any of the said documents except the certificate of the city engineer.   The certificate as recorded is said not to be a true copy, but only a partial one, and that in recording it a material part of it was left out of the record.

The statement on motion for a new trial shows copies of the assessment, diagram, warrant, and certificate of the engineer. The certificate of the engineer is as follows:

"No. 1737.                    San Francisco, April 6, 1896.

"I certify I have examined the work of 8″ pipe sewer in First avenue, Point Lobos avenue, to Clement street, and find same right for line and grade:

"Curb of manhole, 3′ N. of Point Lobos avenue, $0\frac{1}{2}$″ above official grade, depth $10'0\frac{1}{2}$″.

"Curb of manhole, 200′ N. of Point Lobos avenue, 8″ above official grade, depth $10'5\frac{3}{4}$″.

"Curb of manhole, 404′ N. of Point Lobos avenue, $0\frac{1}{4}$″ above official grade, depth, $10'0\frac{1}{4}$″, depth being O. K.

"$43.                              CHAS. S. TILTON,

"City Engineer.

"Per E. J. Mooser,

"Deputy."

The statement further shows that the original assessment, certificate of the city engineer, diagram, warrant, and affidavit of demand were offered in evidence together.   That they were indorsed:

"2329 assessment for sewering, etc., First avenue, between Point Lobos avenue and Clement street.

"WM. J. FORD,
"Contractor."

"Recorded this 8th day of May, 1896, in volume 120, page 91.
"THOS. ASHWORTH,
"Superintendent of Public Streets, Highways, and Squares.
"Per John J. Bryan,
"Deputy."

Respondent offered in evidence volume 120, page 91, showing that the assessment, diagram, and warrant were correctly recorded.   It further showed that the engineer's certificate was correctly recorded, except that the words "depth being O. K." were not copied and were not of record.   We think the recording of the certificate with the other documents required by the statute, with the omission of the words "depth being O. K.," was a substantial compliance with the statute.   Their omission from the record did not affect any substantial right of appellant. It is said by Judge Cooley in his work on Taxation, at page 234: "If, however, the defect in a record is obviously clerical, and nothing more, that is to say, if the record on its face sufficiently shows that the proper steps have in fact been taken, but there is some error on the part of recording officer in putting the evidence upon the record in precise conformity to the law, some omission of a word, or the accidental employment of one word for another, or any similar error which cannot mislead, the mistake may be overlooked, and the court, when the record becomes the subject of judicial investigation, may by intendment supply what is omitted and correct what is erroneous, and then sustain the record as though the proper corrections had been made by the recording officer himself."

In *San Francisco v. Certain Real Estate,* 50 Cal. 188, which was an action *in rem* to enforce a street assessment, the duplicate assessment-roll required to be made under section 7 of the act of February 1, 1870, amendatory of the act of March 30, 1868 (Stats. 1869-70, p. 41), did not contain the certificate of the

mayor which was appended to the original assessment-roll. This omission on the trial was held to be immaterial, and in sustaining the ruling on appeal this court said: "It appears in the record that the original roll was duly made and properly certified by the mayor, who delivered it to the auditor, but, in making the duplicate for the collector, the auditor omitted therefrom the certificate of the mayor. The court below held the omission to be immaterial, and we agree in that opinion."

In *Gillis v. Cleveland*, 87 Cal. 220, the record showed that the warrant was properly signed and countersigned, but that in recording it the name and official designation of the mayor was left out of the record-book. This court held that the law as to recording had been substantially complied with, and that the omitted words were immaterial. So in this case we fail to see how the omitted words could have in any way misled or injured the appellant. They were not a part of the description of the premises, nor of the assessment. In fact, their meaning is not explained in the record; neither is any explanation attempted in appellant's brief. It is claimed that there is no authentication of the record of the engineer's certificate. The transcript shows that page 91 contained a correct copy of the engineer's certificate, with the exception of the omitted words hereinbefore stated. The certificate of recording is as follows: "The foregoing on page 91 is a true and correct record of assessment, diagram, and warrant recorded and issued this 8th day of May, 1896. Thos. Ashworth, Superintendent of Public Streets, Highways, and Squares, per G. H. Oulton, Deputy." The certificate omitted to mention the engineer's certificate, but we think the record shows that it was recorded. The fact of recording, and not the record evidence of the fact, was the main jurisdictional question. When the papers enumerated in the statute, containing the material matters required, were recorded, the amount of the assessment became a lien upon the lot. (*Hellman v. Shoulters*, 114 Cal. 158, and cases cited.)

In *Himmelmann v. Hoadley*, 44 Cal. 225, the record of the assessment, diagram, and warrant covered six pages of the volume of the record. The certificate was as follows: "The foregoing, on page 79, is a true and correct record of the assessment, diagram, and warrant issued this twentieth day of

October, A. D. 1870." It was claimed that the certificate was no authentication of any other part of the book than page 79, and in discussing the point this court said: "It is apparent, we think, that the omission of the numbers of the five preceding pages was a mere clerical error, and that such error was not calculated to mislead a person owning or dealing with a lot mentioned in the assessment."

It is said that the record fails to show that the warrant, assessment, diagram, and certificate were delivered to the contractor before he made demand for payment. Before the contractor has authority to demand payment, these documents must have been recorded and delivered to him. We think the record shows such recording and delivery before demand made. The superintendent of streets certified that the assessment, diagram, and warrant were recorded May 8, 1896. The certified return shows the warrant in proper form, signed by the superintendent of streets and the mayor, dated May 8, 1896. The affidavit of plaintiff on the return shows "that since the date of said warrant, to wit, on the fifth day of June, A. D. 1896, and with and by virtue thereof as such assignee, he went upon each of the lots of land exhibited on the diagram attached to the said assessments," etc.; then follows particulars as to demand. It is therefore, plain from the record that the plaintiff had the assessment, warrant, and diagram in his possession after they were recorded and when demand was made. We cannot indulge in the supposition that they might have been delivered to plaintiff before they were recorded. It appears in the original return that these words are used: "Subscribed and sworn to before me this 6th day of June, A. D. 1896. A. K. Daggett, Notary Public in and for the City and County of San Francisco, State of California." This is marked: "Returned this 6th day of June, 1896, and recorded in volume 120, page 91. Thos. Ashworth, Supt. Public Streets, Highways, and Squares, per John S. Bryan, Deputy." The return as copied in the record is the same as the original, except the word "June" and the figure "6" were left out in the copying, making the record read: "Subscribed and sworn to this 6th day of ——, A. D. 189—."

We think, under the authorities cited, that the omission of the words could have injured no one. The material thing to

be done was to make the return in proper form and verify it. This appears to have been done. If it was, in fact, verified properly before being recorded the statute was complied with, and the omission of the copying clerk to fill in the word "June" and the figure "6" in the blank spaces cannot be held to be of such importance as to deprive the contractor of his lien and enable the defendant to escape the payment of his assessment. The assessment contains an item of six dollars and ninety cents for printing, the proportionate part of which would be fifty-seven and one-half cents upon appellant's lot. The appellant claims that the court should have permitted him to show that the "San Francisco Daily Report," in which the notices and resolutions concerning this assessment were published, was not the lowest bidder, and that the publishing was not let to the lowest bidder. We think the ruling of the court was correct. The appellant had no right in this proceeding to have the court turn aside from the question before it, and in a collateral attack determine whether or not the board of supervisors had performed its duty. The fact of due publication gave the jurisdiction to levy the assessment without regard to the paper in which it was published, except the publication must have been made in the paper designated by the council. It was not claimed that the publication was made in a paper different from that designated by the board of supervisors.

The question as to the ownership of the lot as between appellant and defendant Jordan is abandoned in the appellant's reply brief.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.