Kershaw v. Jansen.

WILLIAM KERSHAW, APPELLANT, V. A. W. JANSEN ET
AL., APPELLEES.

FILED OCTOBER 21, 1896.   No. 6848.

1. **Municipal Corporations:** VACATING PLAT. The vacation by the owner, of a plat of an addition to a city, the land being within the corporate limits, does not *ipso facto* disconnect the land platted from the corporation.

2. **Taxation:** DESCRIPTION OF LAND: TAX LEVY: ESTOPPEL. The owner of land subject to taxation cannot avoid the payment of taxes because the description of the land on the assessment roll and tax list does not refer to a lawfully existing recorded plat or subdivi - ion. It is sufficient if the description, by reference to general y known plats or otherwise, describes the land with such certain y as to afford notice and protect the owner's rights. *Bryant v. Estabrook,* 16 Neb., 217, and *Roads v. Estabrook,* 35 Neb., 297, followed.

APPEAL from the district court of Johnson county. Heard below before BUSH, J.

*Davidson & Giffen,* for appellant:

After a plat has been vacated, the land can no longer be taxed in parcels. (*Merton v. Dolplin,* 28 Wis., 456.)

*J. Hall Hitchcock, contra.*

IRVINE, C.

This was an action by Kershaw against Jansen and Bush to restrain Jansen from receiving, and Bush, the treasurer of Johnson county, from issuing a tax deed on property described as block 20, and lots 1 and 10, in block 11, of Kershaw's Second Addition to the city of Tecumseh, and to quiet title in the plaintiff as against the taxes complained of. The petition alleges that prior to December 3, 1883, John Kershaw, then being the owner of a tract of land adjoining the city of Tecumseh, caused the same to be surveyed, laid off, and platted as an addition to said city, known as Kershaw's Second Addition to Tecumseh; that said plat was filed for record; that on

the 3d day of December, 1883, John Kershaw and wife and John Graff, being the owners of said property, executed, delivered, and caused to be recorded a deed vacating that part of said plat known as block 20, and lots 1 and 10, in block 11, with certain streets adjacent thereto; "that thereby said tract, described on said plat as last above mentioned, ceased to be a part of said addition to said city and ceased to be included within the corporate limits of said city." The petition then proceeds to allege that for the years 1884, 1885, and 1886 the property in controversy was recognized by said city as not a part thereof, and was not assessed as a part of the city; that without any authority of law, and without any act replacing said tract within said city, city taxes were levied thereon for the years 1887, 1888, 1889, 1890, 1891, and 1892; that the plaintiff is now the owner of the land in controversy, and each year tendered, before the same became delinquent, full payment of all taxes except said city taxes; that in 1892 the land in controversy was by the county treasurer sold to Jansen for delinquent taxes including said city taxes, and that the treasurer was, when the suit began, about to execute and deliver to Jansen deeds therefor. Jansen demurred to the petition, his demurrer was overruled, he was allowed time to answer, he did not answer, and his default was never entered. The treasurer answered, but it is not material to set forth the terms of the answer. On the hearing of the case there was a finding in favor of the defendants and the action was dismissed. The plaintiff appeals.

The petition admits that prior to the vacation of the addition in 1883 the land in controversy was within the corporate limits of the city of Tecumseh. It does not plead that the land was ever disconnected from the city, except as a conclusion from the allegation that the plat was vacated. The theory of the plaintiff was and is that by the vacation of the plat the land became disconnected from the city and no longer subject to city taxes. This is the question principally relied on in argument. We think

in assuming this position the plaintiff has misconstrued the statutes. The act relating to cities of the second class and villages (Compiled Statutes, ch. 14, art. 1) contains (secs. 114-117) certain provisions in regard to surveying, platting, and recording additions. These provisions have, however, nothing to do with the incorporation of cities and villages. They merely provide a method whereby lands may be subdivided for the purpose of laying out cities, villages, additions thereto, or suburban lots. The effect of so subdividing and platting land and recording the plat is to establish a record of the subdivision, so as to render descriptions convenient, and to dedicate to the use of the public the streets and alleys. The act also provides a method whereby such plat may be vacated and the rights of the public to streets and alleys and public grounds divested. This, however, has nothing to do with the incorporation of cities and villages. In the remainder of the chapter are several provisions whereby the annexation and disconnection of lands adjacent to incorporated cities and villages are regulated. (See, for instance, secs. 92-103, inclusive.) In each case the annexation of adjacent territory to a city or village requires the consent and affirmative action of the corporate authorities, and the disconnection of territory requires the action of the district court. It is claimed that the provision for disconnecting territory is, by its express terms, not applicable to land laid out into city or village lots, and therefore it is not applicable to this case. The argument makes, however, the other way. Where land is not so subdivided, it may be disconnected by the action provided for by the statute referred to. The conclusion follows that if it be so subdivided, no provision exists for disconnecting it. But the plaintiff was not for that reason without his remedy. If the conditions existed which permitted him to vacate the plat, the land then became unsubdivided property, and he might have proceeded to have his right to disconnect it from the city determined under the provisions of the act. Until some action was

taken legally removing the land from the corporation, it remained within it, and the plaintiff's voluntary act in vacating the plat did not have the effect of disconnecting it.

Another point presented is that the land was assessed and the taxes levied in accordance with its description upon the vacated plat; that upon the vacation of the plat the lots had no longer any legal existence as such, and that the description was, therefore, insufficient for the purposes of taxation and the taxes, for that reason, were void. We do not regard this question as any longer an open one in this state. The cases of *Bryant v. Estabrook*, 16 Neb., 217, and *Roads v. Estabrook*, 35 Neb., 297, are, to our minds, conclusive on the subject. In those cases the land in controversy was within the original town-site of the city of Omaha. A survey had been made and for years a plat in accordance with that survey had been generally recognized by the public and property owners, and taxes had been assessed and levied in accordance with the descriptions indicated by such survey and plat. The plat, however, had never been recorded. The same contention was urged in those cases as here. In each case it was frankly admitted by this court that the weight of authority sustained the contention of the property owner resisting the tax; but it was in each case decided that under the circumstances he could not be permitted to set up the failure to record the plat as a defense. There are intimations in the opinions that the decisions rest upon the ground of estoppel; but Estabrook had done no act, so far as the cases disclose, which placed the city or county or the state at a disadvantage. They had not altered their position in reliance upon any act of his. So there was no estoppel *en pais*. There certainly was no technical estoppel. The principle which must have governed the cases was one of public policy, and the language of both opinions indicates that that was the real basis on which the court placed its decision; to-wit, that all property is legally liable to taxation, and that where,

for the purposes of taxation, a description is used so certain in its terms that it must, as to the taxpayer, have apprised him of the proceedings and of the land assessed, he cannot avoid his share of the public burden merely because there is nothing of record which ascertains the property described.   So in this case the description on the assessment roll and tax list, in accordance with the former subdivision, was sufficiently certain to clearly point out these particular tracts.   They were subject to taxation under some description, and the owner should not be permitted to avoid the burden merely because, by a vacation of the plat, there was no longer of record anything which definitely ascertained the land assessed. While not so ascertained of record, a description was given which certainly would have been sufficient in a deed between the parties; and which must have afforded him such notice as would protect him in all his rights. While there were features in *Bryant v. Estabrook* and *Roads v. Estabrook* which might by subtle reasoning permit a distinction between those cases and the case at bar, we think a fair examination of the cases discloses a fundamental principle, which we have endeavored to state, common to all three cases; and while the writer, in justice to himself, feels obliged to repeat the admissions of Judge COBB and Judge POST in the cases cited, that they are contrary to the weight of authority in similar cases, he nevertheless believes that they are founded on a sound principle, which is stronger than authority.

It is suggested that no city taxes having been levied for three years after the vacation of the plat, the city thereby recognized the land as disconnected, and could not thereafter levy city taxes upon it without reannexing it.   We see no force in this argument.   Here, again, no principle of estoppel can be invoked.   The action of an assessor or a board of equalization in omitting assessable property from the list cannot take the place of proceedings required by law for disconnecting incorporated territory.   It was no more than an omission, possibly by

inadvertence, probably from a mistake of law, to properly levy taxes for the years referred to upon the land. The owner derived a benefit to which he was not entitled, and the city lost a portion of its revenue by this omission. But it did not disconnect the territory and it did not estop the city from levying taxes in subsequent years.

We have considered this case solely upon the allegations of the petition. We have done so because Jansen, the tax purchaser, failed to answer after his demurrer was overruled. The appellant claims that on that account he was at least entitled to a decree against Jansen. A decree against him would be incongruous, in view of the conclusion reached as to the rights of the parties. The petition failed to state a cause of action, and the case having been contested by one of the defendants, a decree of dismissal as to both was, if error, error without prejudice. Notwithstanding the fact that the demurrer was overruled, if the court subsequently had come to the conclusion that no cause of action was stated, it might on the trial, or after a finding for the plaintiff, arrest judgment and dismiss the case.

AFFIRMED.