[S. F. No. 2531.   Department Two.—December 23, 1901.]

## W. E. MILLER, Executor, etc., Appellant, v. E. L. WILLIAMS et al., Respondents.

TAXATION—VOID TAX SALE AND DEED—SMALL EXCESS—INAPPLICABLE MAXIM.—The maxim *de minimis* does not apply to a small excess in a sale for taxes; and where lands were sold for an excess of eight cents in taxes, percentage, and costs, claimed by the city, and for an excess of one dollar and sixty cents in those claimed by the county, the sale, and the deed executed thereunder, were void.

ID.—VOID ASSESSMENTS—INSUFFICIENT DESCRIPTION—FAILURE TO REFER TO MAP.—An assessment for city taxes of lots and blocks, in specified tracts named, constituting subdivisions of those tracts, and not of the city, which contains no reference to any map of the tracts, or to any city map, and an assessment for county taxes which, in addition to the same defects, does not state in what city or town the lots are situated, are each insufficient and void.

ID.—NOTICE TO REDEEM—NON-COMPLIANCE WITH STATUTE—VOID TAX DEED—RIGHT OF REDEMPTION.—Where the service of the notice to redeem did not comply with the statute, and the affidavits to prove the notice were made after the day appointed for the purchaser's application for a deed, in which it was stated that the "property is entirely unoccupied property," without stating that it was such when the notice was given, the failure to comply substantially with the statutory requirements renders the tax deed void, and the property is still subject to redemption.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

J. H. Logan, for Appellant.

Joseph H. Skirm, for Respondents.

TEMPLE, J.—Action to quiet title to land in the city of Santa Cruz.

It was stipulated, for the purposes of the trial, that plaintiff is entitled to judgment, unless defendants have acquired the title of the testatrix, Cathalina E. Brewster, by the tax deed made by the city tax collector, dated August 17, 1895, or by the tax deed made by the county tax collector, October 9, 1895.

It was further stipulated that all the proceedings upon which the deeds were founded were regular and in compliance with law, except in the particulars which might be specified as defendants put in their evidence. Defendants then proceeded to put in evidence the assessment and all other matters upon which the deeds were based, and plaintiff interposed his objections. Judgment went for defendants, and the plaintiff appeals from the judgment and the refusal of a new trial.

For several reasons, I think, it must be held that both deeds under which defendants claim title are void.

1. The lands were sold for more than was due for taxes, percentage, and costs. In the sale for taxes claimed by the city, the excess was eight cents; in the sale by the county tax collector, the excess was one dollar and sixty cents. This is not a case in which the maxim *de minimis* can be applied, and the sale was therefore void. (*Axtell* v. *Gerlach*, 67 Cal. 483; *Treadwell* v. *Patterson*, 51 Cal. 637; *Harper* v. *Rowe*, 53 Cal. 236; *Bucknall* v. *Story*, 36 Cal. 67; *Simmons* v. *McCarthy*, 118 Cal. 625.)

2. In each assessment the land was insufficiently described. In the city assessment the description is: "Lots 13, 14, 15, 16, 17, and 18, in Blk. F, Leibrandt Tract. Lots 18 and 20, Block C, Kaye and Uhden Tract."

The statute provides as the heading of the assessment list and the description, as follows: "Subdivision 3, City and Town Lots, naming city or town and the number of the lot and block according to the system of numbering in such city." The assessment does not refer to a city map, but describes the land as belonging to certain named tracts. The lots and blocks are subdivisions of these named tracts, and not of the city, and no map, even of these tracts, is referred to. Our incorporated cities and towns generally contain land not divided into blocks and lots, and these tracts may not have been generally known, much less any subdivisions. Even supposing these

lots and blocks to have been on a city map, the failure to refer to it has been held fatal. (*Labs* v. *Cooper*, 107 Cal. 656; *Cadwalder* v. *Nash*, 73 Cal. 43. See, also, *Keane* v. *Cannovan*, 21 Cal. 291;[1] *People* v. *Mahoney*, 55 Cal. 286.)

A description which would suffice in an agreement to convey, or in a deed, may be bad in an assessment. In the first case, the court might inquire as to the intention of the parties, but in the other the owner has no part in the proceeding, which is hostile, and to every step in which he is objecting. The assessment is made with a view to a possible sale, and the property should therefore be so described as to enable the owner to know what land is charged with the tax, and also to enable a possible purchaser to know what land is offered for sale. The bidder who will pay the tax for the smallest portion of the land will have his offer accepted. To decide this matter, there should be no uncertainty as to what land he is dealing with. Hence the description should be sufficient in itself to identify the land, or if reference to a map on record is required, that should be indicated in the assessment.

The description in the county assessment is still more defective. It has all the defects mentioned in regard to the city assessment, and, besides, there is no statement in what city or town the lots are situated. Otherwise, it reads as follows: "Lots in Leibrandt Tract, Blk. F, Nos. 13, 14, 15, 16, 17, 18. Lots Kaye and Uhden Tract, Block Nos. 18 and 19."

The assessment in the Kaye and Uhden tract is either of blocks 18 and 19 or of all the lots in blocks 18 and 19. The deed describes lots 18 and 19 in block C. Respondents' counsel contends that this means lots 18 and 19 in same block, and he proved that there was only one block in the tract, in which were two lots, one numbered 18 and one 19. If the construction of the assessment were otherwise permissible, there would still be nothing to indicate that the two lots were both in the same block, and it is not denied that in the tract there are many lots numbered 18 and many numbered 19. Much of the above reasoning would have no application under the present revenue law, all property delinquent for taxes being struck off to the state.

3. The service of the notice, called the notice to redeem, being the notice formerly required by section 3785 of the

---

[1] 82 Am. Dec. 738.

Political Code, was insufficient, and was not proven by the affidavit returned to the tax collector, as required. The notice and proof were alike in the two cases. The statutory affidavit must be made and given to the tax collector before he can make the deed. He is required to preserve this affidavit, and unless it complies substantially with the statutory requirements, the deed is void. The property in such case is still subject to redemption. (*Simmons* v. *McCarthy*, 118 Cal. 625.)

The affidavits were made nine days after the day appointed for the purchaser's application for a deed, and might have been nine years thereafter. The affiant stated that the property "is entirely unoccupied property." The statute directed service upon the owner, or, if the property is occupied, upon the occupant, and, "in the case of unoccupied property, a similar notice shall be posted in a conspicuous place upon the property, at least thirty days before the expiration of the time for redemption, or thirty days before the purchaser applies for a deed." The further provision was, that no deed should be executed by the tax collector until the purchaser shall file with him an affidavit showing that such notice has been given.

Probably the affiant in this case intended to refer to the time during which the notice was posted. But so loose a construction would open the door for fraud. A purchaser might desire to keep the notice from the owner, and, as no time is fixed within which he must make his proof, he might wait until the premises became vacant before actually applying for his deed.

The conclusion renders it unnecessary to pass upon the sufficiency of many other objections to the deeds.

The judgment and order are reversed.

McFarland, J., and Henshaw, J., concurred.