[L. A. No. 1702. In Bank.—May 13 and September 20, 1907.]

EDWIN R. FOX, Appellant, v. W. R. TOWNSEND et al., Defendants; ROBERT S. CARTER, C. J. TAYLOR et al., Respondents.

TAXATION—ASSESSMENT-ROLL—ABSENCE OF DOLLAR-MARK—INVALIDITY OF SALE AND DEED.—An assessment of land, which shows on the face of the assessment-roll that there was no dollar-mark or other mark, sign, word, or abbreviation, or explanation to indicate what was meant by the figures in the column designed to show the value of the property and the amount of the taxes, is void, and a sale for delinquent taxes and deeds made thereunder are likewise void.

ID.—CERTIFICATE OF SALE TO STATE—REPEAL OF LAW REQUIRING—RECITALS OF DEED.—Upon the repeal of section 3776 of the Political Code, providing for a certificate of sale for land sold to the state for delinquent taxes, the provisions of section 3786 of that code, to the effect that the deed to the state must contain a recital of the matters contained in the certificate, became nugatory.

ID.—TIME OF REDEMPTION—ERROR IN RECITAL—CURATIVE ACT OF 1903.—An imperfection in a deed to the state of land sold for delinquent taxes, in stating the time when the right of redemption had expired, was cured by the confirmatory act of February 28, 1903.

ID.—CORRECTED DEED TO STATE.—When a tax-deed to the state does not conform in its recitals to the facts, the tax-collector is authorized to execute a second and corrected deed, but he has no power to execute a second deed which misstates the facts respecting any proceeding prior to its execution. Such a deed would be void.

ID.—PRESUMPTION AS TO REGULARITY OF CORRECTED DEED.—If an order of the board of supervisors, as provided for by section 3805b of the Political Code, were necessary to authorize the tax-collector to execute an amended tax-deed, it will be presumed, in support of

such a deed, that it was executed by that officer under proper authority and direction.

Id.—Corrected Deed after Conveyance by State.—It is no objection to a corrected tax-deed to the state that it was executed after the state had parted with its title to the land.

Id.—Deed Based on Assessment of Mortgage Interest.—Under section 4 of article 13 of the constitution, a tax-deed, which described the property assessed and conveyed as a mortgage interest in a specifically described tract of land, is sufficient to convey the land described.

Id.—Failure to Note Delinquent Sale on Subsequent Assessment.— Where land had been properly sold to the state for delinquent taxes for the year 1894, the failure of the fiscal officers to stamp upon the assessment-book for the year 1895 the fact that it had been sold for taxes and the date of the sale, as required by section 3801 of the Political Code as enacted in 1895, did not affect the validity of such sale.

Id.—Notice of Delinquent Sale.—The words "sold to the state," stamped on the assessment for the subsequent year, were sufficient to impart notice of such sale to the fiscal officers and also to the owner of the land.

Id.—Insufficient Description of Land in Assessment.—Under the existing revenue laws, by which all property delinquent for taxes is sold to the state, a description in an assessment of real property, as follows, " In Los Angeles County.  In Electric Ry. Homestead Assn. Tr.  Lot 17 Block 20," is *prima facie* insufficient to identify the land assessed, and there is no' presumption that there is any map in existence a reference to which might serve to identify the land.

Id.—Evidence to Identify Land.—In an action to quiet title, brought by a party relying on a tax-deed based upon such a description in the assessment, evidence of a map showing the location of the land is admissible *dehors* the deed to show that the assessment was in fact sufficient to identify the land. In the absence of such identifying evidence the assessment and deed are insufficient and void.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinions of the court.

E. R. Fox, *in pro. per.*, and Cole & Cole, for Appellant.

O. B. Carter, for Respondent.

HENSHAW, J.—Plaintiff sued to quiet title to certain lots of land, claiming title thereto under and by virtue of certain

tax-sales to the state of California and deeds from the state of California to him. The court gave its decree against the claim of plaintiff, and he appeals from the order denying his motion for a new trial.

One of the lots in question was lot 19 in block 26. The assessment of this lot, upon which the tax-sale was based, shows that there was no dollar-mark, or other mark, sign, word, abbreviation or explanation on the assessment-roll to indicate what was meant by the figures in the column designed to show the value of the property and the amount of the taxes. This being the case, the assessment was void, and the sale and deeds made thereunder are likewise void. (*Hurlburt* v. *Butenop*, 27 Cal. 54; *Braly* v. *Seaman*, 30 Cal. 611; *People* v. *S. F. Sav. Union*, 31 Cal. 132; *People* v. *Hastings*, 34 Cal. 571; *Emerick* v. *Alvarado*, 90 Cal. 444, [27 Pac. 356].) This omission appearing in the assessment itself necessarily invalidates the proceedings. In this respect this case is to be distinguished from the case of *Carter* v. *Osborn*, 150 Cal. 620, [89 Pac. 608], where the omission of the dollar-mark or sign was in the delinquent list and not in the assessment. The decree as to lot 19, block 26, was, therefore, correct.

The other lands whose titles are in controversy are lot 17, block 20; lot 17, block 24; and lot 11, block 5. The assessments of these lots were in all vital respects the same as the assessment set forth and discussed in *Baird* v. *Monroe*, 150 Cal. 560, saving only that instead of being described as "in Pellissier Tr.," they were described as "in Electric Railway Homestead Assn. Tr." As in *Baird* v. *Monroe*, a map of the Electric Railway Homestead Association, recorded in book 14, page 17, of Miscellaneous Records of the County of Los Angeles, was introduced in evidence, which map showed the location of the lots in controversy. The assessments, therefore, in this respect, are identical with that discussed in *Baird* v. *Monroe*, and, aided by the map which was introduced in evidence, the descriptions contained in these assessments were "sufficient to identify" the land. (*McCullough* v. *Olds*, 108 Cal. 529, [41 Pac. 420].)

Certain propositions are urged against the validity of the deeds made by the tax-collector to the state. Section 3776 of the Political Code provides for a certificate of sale and declares what that certificate must contain. Section 3785 pro-

vides for a deed from the tax-collector to the state when the time for redemption has expired, and sets forth what such deed must contain, the recitals being identical with those called for in the certificate of sale. Section 3786 declares that ''the matters recited in the certificate of sale must be recited in the deed.'' By reason of legislative oversight, there was at the date of these sales no law providing for the issuance of certificates of sale. It is contended that, as there was no law for a certificate of sale, there could in these deeds be no compliance with the requirement of section 3786, to the effect that the deed must contain a recital of the matters contained in the certificate. To this, however, it must be answered that when the law requiring a certificate was repealed, there fell with it the requirement that the deed must contain the matters recited in the certificate. Moreover, section 3785 requires in the deed a recital of all the matters and things which the certificate contains, and those matters were in fact fully set forth in the deed. The only imperfection that can be charged in this regard was an imperfection in stating the time when the right of redemption had expired. But this irregularity was cured by the confirmatory act of February 28, 1903, fully discussed in *Baird* v. *Monroe.*

Certain correction deeds were made by the tax-collector to the state, and it is urged that these deeds were without authority and void. The general principles governing such correction deeds are well settled. When a tax-deed does not conform in its recitals to the facts, the officer is authorized to execute a second and corrected deed, but he has no power to execute a second deed which shall misstate the facts respecting any proceedings prior to its execution. Such a deed would be void. The power and the duty of the proper officer is not exhausted by the execution of an irregular or imperfect taxdeed. (*Douglas* v. *Nuzen,* 16 Kan. 515; *McCready* v. *Sexton,* 29 Iowa, 356, [4 Am. Rep. 414] ; *Woodman* v. *Clapp,* 21 Wis. 530.) Section 3805b of the Political Code, dealing with the subject of misstatement of facts or clerical errors occurring in the taxcollector's deeds, declares that these may be corrected by the tax-collector upon an order of the board of supervisors entered upon its minutes directing correction, by the issuance of a new or amended tax-deed. If, as respondent here contends, such an order of the board of supervisors was necessary and

was not made, it was incumbent upon him to have shown it. As the record is here presented, the presumption will be that the deeds were executed by the officer under proper direction and authority. Moreover, these correction deeds seemed to have been made for the sole purpose of making a more certain statement of the time when the right of redemption had expired, and for the reasons above given the original deeds themselves were sufficient upon this point. Nor do we perceive any force in the objection that the correction deeds to the state were made after the state had parted with the title. No reason is discernible why the state, like a private individual, may not obtain a proper correction deed for the betterment of the title to property which it has conveyed, and, if this be done after conveyance, why, as in the case of an individual, it should not serve to perfect the title granted.

The deed contained a description of the property as "situate, lying and being in the County of Los Angeles, State of California, and described thus: Mortgage interest in the following described property, Electric Ry. Homestead Association Tract, lot 17, block 24." It is contended that the deed here purports to convey only a mortgage interest in the lot, without any explanation, and that the deed is, therefore, void. But article 13, section 4, of the constitution declares that a mortgage for the purposes of assessment and taxation shall be deemed and treated as an interest in the property affected thereby." The further recitals in the tax-deed make this case parallel with that of *Doland* v. *Mooney*, 72 Cal. 34, [13 Pac. 71], where such a deed was held to be sufficient. This property was sold for taxes for the year 1894. It is objected that upon the assessment-book for 1895 there was not stamped an entry of the fact "that said lot had been sold for taxes, and the date of such sale," as required by section 3801 of the Political Code as it read in 1895. Only the words, "sold to the state," were so stamped. But it is the assessment and sale for taxes for 1894 which are involved in this case, and a clerical misprision of the year after cannot affect the validity of such proceeding. Moreover, if the purpose of the requirement is to give notice to the fiscal officers, certainly a notice, "sold to the state," is sufficient to put them on inquiry, and the same is true if it be said that the requirement was designed to give notice of the sale to the owner.

For the foregoing reasons the order refusing to grant a new trial was proper as to lot 19, block 26, and the judgment stands affirmed as to this lot. The order is reversed as to lot 17, block 20; lot 17, block 24; and lot 11, block 5.

Lorigan, J., Angellotti, J., Shaw, J., McFarland, J., and Sloss, J., concurred.

An application for a rehearing having been made, the same was granted and the foregoing judgment set aside as to the defendant and respondent Robert A. Carter, and the property claimed by him. Subsequently, on the 20th of September, 1907, the following opinion was rendered by the court in Bank, denying the plaintiff's motion for a new trial as to the defendant Carter and the land claimed by him:—

ANGELLOTTI, J.—This action to quiet title to certain lots of land in Los Angeles County was brought by plaintiff, claiming title under certain tax sales to the state of California, and deeds from the state to him, against various persons who were the owners thereof if the tax proceedings were ineffectual to vest title in plaintiff. The lots involved were parts of the Electric Railway Homestead Association tract in Los Angeles County. As to four of these lots,—viz. lot 11 in block 5 and lot 19 in block 26, claimed by defendant Taylor, and lot 17 in block 20 and lot 17 in block 24, claimed by defendant Carter, —judgment went for said defendants, and motions for new trial made by plaintiff were denied. Plaintiff appealed from the order denying his motion. This court, on such appeal, affirmed the order as to lot 19 in block 26, and reversed it as to the remaining three lots. (*Ante,* p. 51, [91 Pac. 1007].) As to the Carter lots, lot 17 in block 20 and lot 17 in block 24, the objection that the description of property in the assessment was insufficient to make a valid assessment (the description being, "In Los Angeles County. In Electric Ry. Homestead Assn. Tr. Lot 17 Block 20," and the same practically as to lot 17 block 24) was answered by stating that a map of the Electric Railway Homestead Association tract, recorded in book 14, page 17, of miscellaneous records, showing the location of the lots, was introduced in evidence on the trial, in aid of the assessment description, and that the case in this respect was therefore the same as that of *Baird* v. *Monroe,* 150 Cal. 560,

[89 Pac. 352]. Upon petition by defendant Carter for a re-hearing, it was developed that the record available to plaintiff, as against said Carter, did not show the introduction of any map in evidence, or that there was any map of any kind in existence at any time during the tax proceedings. The map mentioned was introduced in evidence on the separate trial had between plaintiff and defendant Taylor, and is shown only in the bill of exceptions settled between plaintiff and Taylor, and that bill of exceptions specifies only lot 19 in block 26 and lot 11 in block 5, as shown on said map. Under these circumstances, it was considered proper to grant a re-hearing as to defendant Carter, and an order was made accordingly. The matter is now before us on such rehearing.

The question remaining for determination is as to the legal sufficiency of the descriptions of property contained in the assessment. Were such descriptions sufficient to identify the land? We have already stated the nature of the descriptions. They were in all vital respects the same as the descriptions contained in the assessments of property considered in *Miller* v. *Williams*, 135 Cal. 183, [67 Pac. 788] ; *Best* v. *Wohlford*, 144 Cal. 733, [78 Pac. 293] ; and *Baird* v. *Monroe*, 150 Cal. 560, [89 Pac. 352],—namely, a designation of a parcel of land as a portion of a larger tract simply by number and block, without any reference to a map. In *Miller* v. *Williams*, an action to quiet title, it was held that such a description in an assessment is not sufficient, *prima facie*, to identify the portion assessed. In that case, as in this, there was no attempt to supplement the assessment description by evidence showing that it did sufficiently identify the land. The theory of the decision, apparently, is that a description of this kind is of such a nature as to indicate that the property can ordinarily be located only by reference to some map or plat, and no such map or plat being referred to as being in existence, the description is *prima facie* insufficient. There is no presumption, in the absence of such a reference, that there is such a map in existence. (*Labs* v. *Cooper*, 107 Cal. 656, 658, [40 Pac. 1042].) Under this theory there is a distinction between such a description and a description of a tract of land by name, such as "Forks House Ranch," as to which it has been held that "a description of a tract of land by name is sufficient, as it is presumed that the tract, and the extent of its bound-

.aries, is well known by name." (*People* v. *Leet,* 23 Cal. 161, 163.) We cannot say that this distinction is not well based. The rule in *Miller* v. *Williams* in this regard—namely, that :such a description is *prima facie* insufficient—has not been impaired by any later case, but has always been accepted as .correct. Nor can it reasonably be said that the change in our revenue laws under which all property delinquent for ·taxes is sold to the state affords sufficient warrant for declaring a different rule from that laid down in *Miller* v. *Williams.* Such change eliminates some of the reasoning in support of ·the requirements of a certain description of the assessed prop·erty, for the purchaser who should know the exact location of the property offered for sale is no longer present, but the ·owner who is entitled to know with certainty what property is assessed to him still remains. The later cases of *Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293], and *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], accepting the rule of *Miller* v. *Williams* as correct, establish the doctrine that while such de·scription is *prima facie* insufficient, it may be in fact sufficient ·to identify the property, and that whether or not it is so sufficient is a question of fact to be determined by the trial court upon such evidence as may be presented on that issue. The ·party relying on an.assessment containing such a description ·may therefore supplement his case by showing that the de:scription in the assessment was in fact sufficient to identify the ·land. Thus, in *Baird* v. *Monroe,* it was made to appear to the · ·satisfaction of the trial court that there existed as a public ·record a map of the tract named, and but one such map, and that this map showed lot 5 in block K of that tract named in ·the assessment there involved. It was held that there was ·enough in this, in the absence of other evidence tending to im·peach it, to justify the conclusion of the trial court that the description in the assessment was sufficient to identify the land ·to the owner. But in the absence of any evidence tending to show the sufficiency of such a description to identify the land, it must be held insufficient, unless we are to disregard the ·doctrine of *Miller* v. *Williams,* to the effect that such a description is *prima facie* insufficient. This we do not feel war·ranted in doing.

In the case at bar, the record fails to make it appear that . :any evidence whatever was introduced tending to show that

the descriptions were in fact sufficient to identify the land. It follows that the conclusion of the trial court that the descriptions in the assessment were insufficient, and the assessment void, must be upheld.

The order denying plaintiff's motion for a new trial—as to the defendant Carter and the land claimed by him—viz. lot 17 in block 20 and lot 17 in block 24—is affirmed.

Henshaw, J., McFarland, J., Shaw, J., Sloss, J., and Lorigan, J., concurred.

Rehearing denied.