[No. 5624.]

STOUGH v. REEVES ET AL.

1. **Appellate Practice—Questions Reviewed—Oral Remarks of Trial Court—Reasons for Decision.**

Oral remarks made by the trial court at the time of rendering the judgment as to the reasons for the decision, although brought up in the bill of exceptions and abstract of record, will not be considered, as the appellate court is concerned only with the ultimate conclusions as expressed by the record, and not with the reasoning by which the court below arrived at its conclusion.—P. 436.

2. **Same—Dismissal—Grounds—Defect Supplied by Appellant.**

The insertion in the abstract, of oral remarks made by a trial court at the time of rendering the judgment complained of, instead of the court's ultimate findings, is ground for dismissing the appeal if availed of in apt time, but where the omission is supplied by the appellee in a supplemental abstract filed by him, the cause will be determined upon its merits.—P. 437.

3. **Taxation—Notice of Tax Sale—Description of Property— Meaning of "To"—Words and Phrases.**

The description in a notice of sale for taxes of the property as lots "1 to 24," does not exclude lot 24 by reason of the use of the word "to," as such word is not necessarily a term of exclusion, but one whose meaning is to be ascertained by the rea-

son and sense in which it is used; and, in this instance, it is used as a word of inclusion, since it follows the form of the statute.—P. 437.

**4. Taxation—Tax Sales—Description of Property—Sufficiency.**

The description of a parcel of land, in connection with tax sales, as a portion of an entire larger tract simply by number and block, without any reference to a map, is not sufficient prima facie to identify the portion assessed.—P. 439.

**5. Same—Oral Evidence—Sufficiency.**

Where the only evidence offered to overcome the prima facie insufficiency of the description of property in a notice of sale for taxes, was the testimony of an abstracter that he thought he could, from his knowledge, identify the tract by the description in the notice, and there was no evidence showing that it was well or generally known by the description in the notice of sale, such evidence is insufficient to overcome the prima facie insufficiency of the description.—P. 439.

**6. Taxation—Tax Sales—Description of Property—Sufficiency.**

Certain property sold for taxes was described on the tax roll as "Lots 1 to 24, Block 8, Fairground town"; in the publication notice as "Lots 1 to 24, Block 8, Fairground Range, Div. or Add."; in the tax deed, "1 to 24, in Block 8, Fairground subdivision to the town of Montrose; that the land sold was known and recorded as "Fairground Plat," in an action to quiet title against such tax deed. Held, that the description of the property in the notice of sale was prima facie insufficient to identify the land.—P. 442.

*Appeal from the District Court of Montrose County. Hon. Theron Stevens, Judge.*

Action by A. F. Reeves, John C. Bell and F. D. Catlin against George A. Stough. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

Mr. F. C. PERKINS and Mr. LEWIS P. MAIN, for appellant.

Messrs. BELL, CATLIN & BLAKE, for appellees.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The appellees — plaintiffs below — bring this action to quiet their title to what is known and de-

28

scribed in a plat on file in the county clerk's office as Block 8 in Fairground Plat, Montrose county, Colorado. They allege possession and ownership of the property, and that appellant—defendant below—claims an interest or estate adverse to them which is without any foundation or right whatever. Appellant denies the ownership and possession of the appellees, and alleges ownership in himself under a certain tax deed, which is set out *in haec verba* in his answer, and a conveyance to him from the grantee in the tax deed. Appellees replied admitting the tax deed and conveyance to appellant, but alleged that the tax deed is voidable for several reasons, among others that the description of the property in the assessment roll, advertisement, and in the tax deed, was too indefinite to identify the premises; that the proper description of the land is and was Lots 1 to 24, inclusive, in Block 8 of Fairground Plat, according to a plat thereof on file in the county clerk's office; that on the tax roll and in the publication notice it is described as "Lots 1 to 24, Block 8, Fairground," and is not shown to be inclusive of Lots 1 to 24, and described in the tax deed as "Lots 1 to 24, inclusive, in Block 8, Fairground Subdivision to the Town of Montrose"; that said Fairground Plat never has been any part of the town of Montrose, and has no reference to the same, but is a subdivision of a quarter section of land, and known and recorded as Fairground Plat; another subdivision adjoining it in the same quarter section is fenced and improved as fairgrounds, and known as "The Fairgrounds," and another subdivision in the quarter section is known as "a part of the Fairground tract"; that the description in the deed from Musgrave to appellant is as follows: "All of Block eight (8), in Fairground plat or subdivision." Upon the trial the treasurer produced and identified

the tax roll wherein the property in question is described as follows:

"Lots          Block          Name of Town
1 to 24          8                Fairground."

And in the publication notice the following description appears:

"Name of Owner.   Part of Sec.   Sec. or   Range, Div.
                 Lot or Block.   Block.    or Add.
Holcombe, H. S.      1 to 24        8    Fairground."

The recorded plat introduced in evidence shows that the land in controversy is a subdivision of the N. E. ¼, N. W. ¼, Sec. 27, T. 49 N., R. 9 W., and platted as the property of the Fairground Association and of O. D. Loutsenhizer, and is described as "Fairground Plat" in Lots 1 and 2.

The statute in force in 1898 provides that the county treasurer shall make out his list of town lots for publication of delinquent tax list, describing such town lots as they are described on tax roll.—§ 3924q, 3 Mills' (Rev.) Stats.

Section 3925, Mills' (Rev.) Stats., p. 1081, reads:

"When any lands or town lots are offered for sale for any taxes, it shall not be necessary to sell the same as the property of any person or persons, * * * but such land must be in other respects sufficiently described on the tax roll to identify it."

The court found the issues in favor of the appellees, and in its signed and recorded findings bases its conclusion that the tax deed is void upon the ground, "that the treasurer of said county and the other county officers charged with the duty of placing on the tax roll, advertising and selling said Block 8, in said Fairground Plat, for the delinquent taxes for the year 1897, wholly fail to comply with the statutory provisions of said state requiring said

land to be described so it could be identified, published and sold in substantial compliance with said statute, * * * and that by reason of said fatal descriptions of said property prior to said sale, which were calculated to mislead those interested in the property and those desiring to purchase it, and because of their total failure to describe or purport to sell a portion of the property attempted to be conveyed in said tax deed, that said sale was for an excessive amount, all of which rendered said tax deed void and of no effect."

In this finding the court does not specify in what particular the description of the land is insufficient, but finds that the description, as a whole, was too indefinite to identify the premises.

Counsel for appellant has included in the bill of exceptions and in the abstract of the record the oral remarks made by the court at the time of the rendition of the judgment, instead of the findings formulated and signed by the court and entered of record as its ultimate findings of fact and conclusions of law, and counsel predicates much of his argument upon some expressions found in the oral disquisition of the judge as to the specific objection that the description was subject to. We can consider only the ultimate conclusion of the court as expressed by the record, and we are not concerned with the reasoning by which the court below arrived at such conclusion.

As was said in *Burke v. Table Mountain Water Co.,* 12 Cal. 408:

"The reason given for the conclusion is not *res judicata* as to him, so as to bind him in any future proceeding. * * * We do not understand that the reasons given for a judgment are judgments. The point decided is the thing fixed by the judgment, but the reasons are not."

The abstract filed by appellant was, therefore,

defective in not presenting that part of the record
to which reference is made in the assignments of
error Nos. 1 and 2, and the appeal might have for
this reason, if availed of in apt time, been dismissed;
yet appellees having, by their supplemental abstract,
supplied this omission and presented the finding of
the court complained of, we are enabled to deter-
mine the case upon its merits, to wit: whether the
court below erred in its conclusion that the descrip-
tion in the publication notice was insufficient to
identify the property to be sold.

The sufficiency of the description in the notice
is challenged by counsel for appellees upon two
grounds:

1. That in the description of the lots "1 to 24,"
without adding the word "inclusive," the word
"to" must be construed as a term of exclusion, and
such description, therefore, did not include Lot 24.

In support of this construction counsel cites
Vol. 2, p. 1122, Bouvier's Law Dictionary, wherein
the word "to" is defined as "a term of exclusion
unless, by necessary implication, it is manifestly used
in a different sense." In Vol. 8 of Words and
Phrases, after citing cases wherein the word is de-
fined according to the connection in which it is used,
it is said: "Its meaning is ascertained from the
reason and sense in which it is used."

Testing its meaning as here used by these rules,
it is manifestly used as a word of inclusion.

In prescribing the abstract of the assessment
roll to be made by the assessors, the statute in force
at the time of this proceeding gives an illustration
of how lots are to be described therein which, in the
column headed "Lots," is "1 to 6," which is the
form prescribed in all former and subsequent rev-
enue laws of the state, and this form of description
has uniformly been followed by the treasurers and

assessors in preparing the tax roll and tax sale notices. The law that requires that the property be sufficiently described in the tax roll to identify it gives, in this illustration, what the legislature considered a sufficient description of the lots to be taxed. The word, as here used, is to designate certain lots for taxation, describing them "1 to 24." It, therefore, manifestly includes both. This objection, therefore, is without merit.

2. The further objection that the description of the property on the tax roll as "Fairground Town," and in the publication notice as "Fairground Range, Div. or Add.," and in the tax deed as "Fairground Subdivision to the Town of Montrose," does not sufficiently identify the property included in "Fairground Plat," we think is well taken. It appears from the evidence that "Fairground Plat" is not a subdivision to the town of Montrose, and has no reference thereto, but is a subdivision of an adjoining quarter section of land, and is known and recorded as "Fairground Plat."

Furthermore, the descriptions—on the tax roll, "Lots 1 to 24, Block 8, Fairground Town"; in the publication notice, "Lots 1 to 24, Block 8, Fairground Range, Div. or Add."; and in the tax deed, "1 to 24, inclusive, in Block 8, Fairground Subdivision to the Town of Montrose,"—on their face describe three distinct tracts of land, and there was no attempt on the part of the appellant to show that these different descriptions applied to the land platted and described in the complaint, or that it was known by all or either of such descriptions. The only evidence offered was that of the witness Redding—who was engaged in the business of abstracter —who testified that he thought he could, from his knowledge, identify the tract by the description in the notice of sale, but there was no evidence to show

that it was well or generally known by the description in such notice.

It has been held that a designation of a parcel of land as a portion of another larger tract simply by number and block, without any reference to a map, was not sufficient *prima facie* to identify the portion assessed.—*Miller v. Williams,* 135 Cal. 183, 67 Pac. 788; *Best v. Wohlford,* 144 Cal. 733, 78 Pac. 293; *Baird v. Monroe,* 89 Pac. 352; *San Diego Realty Co. v. Cornell,* 89 Pac. 603; *Fox v. Townsend,* 91 Pac. 1004; *Chapman v. Zobelein,* 92 Pac. 188.

In *Miller v. Williams, supra,* the description under consideration was, "Lots 13, 14, 15, 16, 17 and 18, in Blk. F., Leibrandt Tract. Lots 18 and 20, Block C., Kaye & Uhden Tract." Temple, J., speaking for the court, said:

"The assessment does not refer to a city map, but describes the land as belonging to certain named tracts. The lots and blocks are subdivisions of these named tracts, and not of the city, and no map, even of these tracts, is referred to.  *  *  *  Even supposing these lots and blocks to have been on a city map, the failure to refer to it has been held fatal. *(Labs v. Cooper,* 107 Cal. 656; *Cadwalder v. Nash,* 73 Cal. 43. See, also, *Keane v. Cannovan,* 21 Cal. 291; *People v. Mahoney,* 55 Cal. 286.)  *  *  *  The assessment is made with a view to a possible sale, and the property should, therefore, be so described as to enable the owner to know what land is charged with the tax, and also to enable a possible purchaser to know what land is offered for sale. The bidder who will pay the tax for the smallest portion of the land will have his offer accepted. To decide this matter, there should be no uncertainty as to what land he is dealing with. Hence the description should be sufficient in itself to identify the

land, or if reference to a map on record is required, that should be indicated in the assessment.''

The recent case of *Chapman v. Zobelein* is quite in point. Shaw, J., who delivered the opinion of the court, uses this language:

''The case comes precisely within the rule of the cases of *Miller v. Williams*, 135 Cal. 183, 67 Pac. 788; *Labs v. Cooper*, 107 Cal. 656, 40 Pac. 1042; *San Diego Realty Co. v. Cornell*, 89 Pac. 603, and *Fox v. Townsend*, 91 Pac. 1004, with respect to the description of the property in the assessment. The property is described in the complaint as Lot 34 of the University Addition Tract, according to the map thereof recorded in book 15, p. 46, of Miscellaneous Records of Los Angeles County, situated in the city of Los Angeles, in said county. In the assessment book there is the following general introductory heading: 'Assessment Book of the Property of Los Angeles County for the Year 1898,' etc.

''The description of this particular property is as follows:

| 'Description of property in the city of Los Angeles, city and town lots,' etc. | City Town Lot | or Lots Blk. | Value of City and Town Lots | |
|---|---|---|---|---|
| University Addition Tract. | 34 | | $ 135 | |

''From this it appears, with sufficient certainty, that the property assessed is Lot 34 in University Addition Tract in the city of Los Angeles, in Los Angeles county. There is no reference to any map of the said tract, nor anything to indicate the character of the 'university addition tract,' the location in the city of the addition, nor the relative location of Lot 34 thereof. Such a description, in the cases above

cited, was held to be *prima facie* insufficient to make
a valid assessment. True, in the cases of *Best v.
Wohlford,* 144 Cal. 733, 78 Pac. 293; *Baird v. Mon-
roe,* 89 Pac. 352, and *Fox v. Townsend,* 91 Pac. 1004,
it has been decided that, while a similar description
is presumptively invalid, it may be explained and
supplemented by proof on the trial that there is a
definite tract known by the name given, that a sur-
vey and map thereof has been made, and that the
lot designated by number constitutes a known and
certain subdivision thereof, and that, when so ex-
plained, the assessment will be held good. Such
proof merely shows that when the surrounding
natural objects and circumstances, explanatory of
the descriptive words, are considered, the *prima
facie* uncertainty disappears, and thereupon the de-
scription becomes clear and definite. Such extra-
neous objects and circumstances must be considered
in order to give a definite location on the ground to
any description. The only difference between this
case and one where there is a reference to some map
is that maps are of such customary use that it will
be presumed that one exists to answer the descrip-
tion and give it certainty; whereas, if there is no ref-
erence thereto, the presumptions against tax pro-
ceedings prevail, and there must be proof sufficient
to make the description certain. In the case of an
ordinary instrument, not subject to the strict rules
applicable to tax assessments and sales, the descrip-
tion here in question would be *prima facie* good, and
could only be rendered uncertain by affirmative proof
of some fact which would disclose a latent ambiguity,
as that there were two lots in the tract bearing the
number 34. But, as pointed out in the recent case of
*Fox v. Townsend,* 91 Pac. 1004, in cases of tax sales
the proof must be made by the party who seeks to
affirm the validity of the sale or other proceeding.''

Our conclusion is that the description in the notice of sale was *prima facie* insufficient to identify the land sold, and that there was no evidence introduced to show that it was well or generally known by that name or designation.

The judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.