[L. A. No. 2749. Department Two.—February 2, 1912.]

A. H. SECOMBE, Appellant, v. LOUIS PHILLIPS ESTATE (a Corporation): JOHN STIGERS and JULIA A. IVERS, Respondents.

TAXATION—PROCEEDINGS IN INVITUM.—Tax proceedings are still *in invitum,* in this state, and to be valid must be in strict accord with statutory requirements.

ID.—OMISSION OF DOLLAR MARK FROM ASSESSMENT-ROLL.—An assessment of land, and the tax-sale based thereon are void, if there was no dollar mark or other abbreviation or indication on the assessment-roll showing what the figures meant which appeared in the column for the statement of the amount of the tax on each lot.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, for Appellant.

O. B. Carter, Carter, Kirby & Henderson, and Frank L. Perry, for Respondents.

MELVIN, J.—Plaintiff, who was the grantee named in certain tax-deeds, sued to quiet title to the lots which were described in said deeds. Separate trials were had and judgments given in favor of defendants John Stigers and Julia A. Ivers quieting their titles as against plaintiff to the parcels claimed by them respectively. It was stipulated at the trial that plaintiff's only claim of title was under his tax-deeds and that unless said deeds were sufficient to vest title in him, John Stigers was the owner of lot 28 and the northwest 20 feet of lot 29 in block 172 of the city of Redondo Beach as per map recorded in book 39, page 1 et seq., Miscellaneous Records of Los Angeles County, and Julia A. Ivers of lot 24 in block 10 of Elysian Heights, in the city of Los Angeles, as per map recorded in book 83, page 55, Miscellaneous Records of said county. Both defendants offered to pay and did pay into court for plaintiff the amount of the taxes, penalties, interest, and costs due on each piece of property at the time of its sale by the state. The plaintiff appeals from the judgments and from the orders denying his motion for a new trial.

Appellant's counsel makes the general statement that tax proceedings can no longer be said to be *in invitum* and that the court "as jealously guards the title of the state now as it formerly did the rights of delinquent taxpayers." In this regard he cites *Miller* v. *Williams,* 135 Cal. 184, [67 Pac. 788]; *Davis* v. *Pacific Improvement Co.,* 137 Cal. 250, [70 Pac. 15]; *Best* v. *Wohlford,* 144 Cal. 734, [78 Pac. 293]; *Fox*

v. *Wright,* 152 Cal. 60, [91 Pac. 1005]; *Bank of Lemoore* v. *Fulgham,* 151 Cal. 236, [90 Pac. 936], and he insists that under the authority of these cited cases the informalities appearing in the record are but trivial and should not by this court be held to invalidate his asserted title. A reading of any one of the cases cited, however, will demonstrate the fallacy of his conclusion that proceedings culminating in the sale of property for delinquent taxes are no longer *in invitum.* While it is true that the change in the law whereby the property delinquent for taxes was struck off in the first instance to the state, made inapplicable some of the reasoning of the earlier cases, the doctrine that such proceedings must be in strict accord. with statutory requirements has never been abandoned. When we consider, for example, that in *Miller* v. *Williams,* 135 Cal. 184, [67 Pac. 788], the reason for sustaining the judgment was that the lands were sold for eight cents more than was due for taxes, and that in *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004, 1007], the assessment on one lot was held void because a dollar mark or other sign was not used to explain the figures in that column of the assessment-roll designed to show the value of the property and the amount of the taxes, the existence of the requirement of strict compliance with the statute is emphasized.

Respondents urge a number of reasons in support of the court's conclusion in their favor. One of these is that the assessment on each parcel of land was void, and that the tax-sales based upon such assessments were likewise nullities because there was no dollar mark or other abbreviation or indication on the assessment-roll showing what the figures meant which appeared in the column prepared for the statement of the amount of the tax on each lot. An examination of the transcript shows that this objection to the sufficiency of the deeds is well taken. This brings the case at bar within the rule of such authorities as *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004, 1007], and, therefore, justifies the decrees entered herein.

Numerous other arguments are made by respondents in support of the judgments, but as appellant has filed no reply brief, and as the one reason above given seems to be sufficient, it will not be necessary to review the other points made by respondents' counsel in their brief.

It follows that the judgments and orders must be, and they are hereby affirmed.

Henshaw, J., and Lorigan, J., concurred.